IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

APR 3 0 2008
Apr 30 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ROBERT A. WARREN, #B50436,
    PRO-SE      Plaintiff,

V.

CHAPLAIN PETERSON,
ROGER E. WALKER JR.,
JOHN DOE #1,
JANE DOE #1,
JOHN DOE #2,
JANE DOE #2,
JOHN DOE #3,
JANE DOE #3,
JACKIE MILLER,
Individually and in their
official Capacities,
                Defendants.

08CV2518
JUDGE HART
MAGISTRATE JUDGE COX

## MOTION FOR APPOINTMENT OF COUNSEL

Now Comes Robert A. Warren #B50436, (Hereinafter)
the Plaintiff, Pro-se, and via a Jail House Lawyer, respect-
fully moves this Honorable Court to appoint Counsel to
represent Plaintiff in the above entitled Cause. In Support
thereof, the Plaintiff States the Following to wit:

1. The authority for a U.S. District Court to appoint Counsel
for Indigents in Civil Cases is derived from 28 U.S.C. 1915
(e)(1). See also MACKLIN V. FREAKE, 650 F.2d 885,886 (7th
Cir. 1981) Also MONTGOMERY V. PINCHAK, 294 F.3d 492,499
(3RD Cir. 2002). On the basis of this Law, district Courts
have appointed Lawyers for Prisoners who filed Section

1983 Suits on their own behalf, Plaintiff here, has re-quested Leave to proceed Informa Pauperis.

2. The district Court has broad discretion in determining to whether to appoint Counsel" is to be guided by some Legal Principals".   In Civil rights Complaints, Counsel must be appointed for "Qualified Indigents" when a hearing is required, or when the Court deems appointment is Necessary "in the interest of Justice". MACKLIN V. FREAKE, 650 F.2d 885, 886 (7th cir. 1981); MONTGOMERY V. PINCHAK, 294 F.3d 492, 499 (3rd Cir. 2002).

3. Generally, when deciding whether or not to appoint Counsel the Court will Consider the following:
   1) The merits of Plaintiff's Claims; 2) whether Plaintiff can investigate crucial facts; 3) whether the trained Counsel will better expose the truth; 4) The Plaintiff's ability to present the case; and 5) The Complexity of the relevant Legal issues. MACKLIN V. FREAKE, 650 F.2d 885, 886 (7th cir. 1981)' MONTGOMERY V. PINCHAK, 294 F.3d 492, 499 (3rd cir. 2002).
   More recently, however, the seventh Circuit stated that the Necessary inquiry is Simpler than the Multifactorial approach used in both Macklin and Montoomery. FARMER V. HASS, 990 F.2d 319, 322 (7th cir.) Cert. denied, 510 U.S. 963 (1993).

   The farmer Court determined that the Necessary inquiry is whether "Plaintiff appear [s] to be Competent to try the case himself, and if not, would the Presence of Counsel [make] a difference in the Outcome"? Id. See also ZARNES V. RHODES, 64 F.3d 285, 288 (7th cir. 1995).

Furthermore "Where a Plaintiff's Case Appears to have merit and most of the aforementioned factors have been met Courts should make every attempt to obtain Counsel". HENDRICKS V. COUGHLIN, 114 F. 3d 390 (2nd Cir. 1997); PARHAM V. JOHNSON, 126 F. 3d 454, 461 (3rd Cir. 1997).

Appointment of Counsel is therefore appropriate if the difficulty of the Issues relevent to the Capabilites of the Litigant would make it Impossible for him to obtain any Sort of Justice without the aid of a Lawyer, and he Could not Obtain a lawyer on his Own. FARMER, 990 F.2d 322; JACKSON V. COUNTY OF MCLEAN, 953 F.2d 1070, 1072-73 (7th. cir. 1992); MERRITT V. FAULKNER, 697 F.2d 761 (7th. cir.), Cert. denied 464 U.S. 986 (1983).

4. While Plaintiffs civil rights Complaint filed in this Court, thus far, might have demonstrated that he is Knowledgeable of Section 1983, (Plaintiff is not), "Plaintiffs civil rights Complaint, and motions were in fact drafted by a Jailhouse Lawyer." Jailhouse Lawyers are not Licensed Lawyers, and generally do not have the right to represent prisoner's in Court or file Legal documents with the court and the Conversations between Jailhouse Lawyers, and the prisoner-Clients are not Usually privileged. BONACCI V. KINDT, 868 F.2d 1442 (5th. cir. 1989); STORSETH V. SPELLMAN, 654 F.2d 1349, 1355-56 (9th. cir. 1981).

Thus, the state can restrict Communications between Prisoners under the TURNER test if "the regulation...is reasonablly related to Legitimate Penological interests." TURNER V. SAFLEY, 482 U.S. 78 89 (1987). The Supreme Court has held that Jailhouse Lawyers do not recieve any additional First Amendment Protections,

3.

and the <u>TURNER</u> test applies even for legal communic-
ations. Therefore, if prison officials have a "Legitim-
ate Penological interests", They can regulate comm-
unications between Jail House Lawyers and other
Prisoners. <u>SHAW V. MURPHY</u>, 532 U.S. 223,228 (2001).
because of the above reasons, The Jail House Lawyer
<u>will not be able to assist Plaintiff</u> in responding to
any of the defendants motions. Plaintiff has no legal
skills or knowledge with which he could meaning-
ful Prosecute this case on his own, The factual and
Legal issues involved in this case are unusually
Complexed, in light of Plaintiff's limited education.

5. The claims advanced by Plaintiff in connection
with the above-entitled cause is, and has a "Very Sub-
stantial Meritorious Claim" which definately requires
The skilled, and knowledge of a trained Professional
to effectively Prosecute the claim before this Honor-
able Court, and <u>most</u> of the aforementioned factors
have been met.   Certainly, the ends of <u>Justice would</u>
<u>best be served</u> in this case, where <u>both sides</u> were rep-
resented by Counsel trained in the area of Civil law and
Procedure so as to bring to bare the skills and the know-
Ledge that would render these proceedings a reliable
testing Process.

Furthermore,

6. a trial, in this case will "most likely" involve Confli-
cting testimony, and since Plaintiff is in "Custody and
under the watchful eyes of the Illinois department of
corrections", Plaintiff would be "restricted severally" in

the discovery process, because, certain documents, (that Plaintiff will be requesting), that will be relevent to his claims in his complaint, will most likely raise "security concerns", (by the defendants), and prohibit the Plaintiff from recieving this evidence, which of course, will "handicap and hamper" the Plaintiff's ability, to obtain any kind of justice, or seccessfully prosecute his case. — Counsel on the otherhand, can "eliminate any security concerns" raised, by the defendants, as well as to cross-examining witnesses, and to properly present any discovery-requested, to prove Plaintiff's claims, and to give this court the skills, and knowledge to render a just, and proper, and equitable ruling "in the interest of justice". MACKLIN v. FREAKE 650 F.2d 885 886 (7th. Cir. 1981); and MONT-GOMERY V. PINCHAK 294 F.3d 492 499 (3rd. Cir. 2002).

7. Plaintiff has made repeated efforts to try to obtain a lawyer. Attached to this motion are un-answered and answered letters DENYING REPRESENTATION to this civil rights complaint, before this court. (See Ex. A-H, and J *)

8. Plaintiff has "VERIFIED" his civil rights complaint.

9. Plaintiff has attached an Affidavit to this motion as to the Plaintiff's mental comprehension skills, and also his "severe deficit" problems. (See Ex. I attached)

WHEREFORE, Plaintiff, via a jailhouse lawyer, respectfully requests this honorable court, for the reasons numbered-above, to enter an Order appointing counsel to represent the Plaintiff in the above-captioned cause herein.

Respectfully,

Robert A. Warren
#B50436
Pontiac Corr. Center
P.O. Box 99
Pontiac, Illinois
61764

Under Penalties of Perjury Pursuant
to 735 ILCS 5/1-109 of the Code of Civil
Procedure, I swear that the Contents of
this motion for Appointment of Counsel,
is true, and Correct. the same as towards
any, and all exhibits attached, herein.

Signed on this 27th day of April ,2008.

Robert A. Warren
#B50436
Plaintiff

6.

# APPENDIX
## (List of Exhibits)

EX. A - Letter to <u>Kathleen T. Zellner & Associates</u>, dated January 18, 2008, un-answered.

EX. B - Letter to <u>Kenneth N. Flaxman P.C.</u>, dated January 18, 2008, un-answered.

EX. C - Letter to <u>Pamela Gale Sotoodeh</u>, dated January 18, 2008, un-answered.

EX. D - Letter to <u>Sylvia A. Sotiras</u>, dated January 18, 2008, un-answered.

EX. E - Letter to <u>Jennifer Ann Esposito</u>, dated January 18, 2008, un-answered.

EX. F - Letter from <u>Loevy & Loevy</u>, denying representation, dated October 24, 2007.

EX. G - Letter from <u>Rachel J. Hess</u>, denying representation, dated January 16, 2008.

EX. H - Letter from <u>Alan H. Cooper</u>, denying representation, dated February 11, 2008.

EX. I - <u>Affidavit</u> in relation to Plaintiff's Mental Comprehension.

EX. J - <u>Legal Mail card</u>, from Western Ill. Corr. Ctr., showing the un-answered Letters above / attached were mailed-out as indicated.*

Robert A. Warren
B50436
W.I.C.C.
R.R.#4
Box 196
Mt. Sterling, Illinois　62353

Date January 18th, 2008

Kathleen T. Zellner & Associates
Kathleen T. Zellner, Attorney at Law
2215 York Road., Suite 504
Oak Brook, Illinois　60523-2379

Hello Attorney Zellner:

　　I am writing concerning finding representation on a legal civil 1983 suit I want to file. No matter what you decide, should you take the case or not, I need a response back. I will need this response to submit to the Court in case I must motion for Appointment of Counsel.

　　This is the basis of the Case:

　　On July 3rd, 2007, I was shipped to Stateville Correctional Center on a Court Writ. I was housed there from July 3rd to July 18th, 2007. "I am on a religious Vegan diet" and was Approved from Western Illinois Correctional Center for the religious Vegan diet on May 18th, 2007. I have been Approved for this diet ever since January 11th, 2005.

　　When I was shipped to Stateville in July of 2007, I was

— Ex. A —

not given my religious Vegan diet. The Only diet I was given during this 15 day period was a Animal and Animal by-product diet I could not eat due to my religious beliefs. I had Notified Staff Apon Arrival on July 3rd, 2007, and everyday thereafter that I was on a religious Vegan diet. With Deliberate Indifference to my dietary Needs, and the fact that they were starving me, I was Never given a religious diet I could eat. The Illinois Department of Corrections has no policy in place to transfer the dietary Needs of a prisoner when Sent out on Court writs to Another prison and or facility. This Creates a Situation, where a prisoner being on Court writs, is being Punished by Starvation the whole time the prisoner is out on the Court writ. I was Starved for 15 days Straight, Loss alot of weight, and was hungry 24 hours a day. I woke-up hungry, and I Went to Sleep hungry too.

I await your response to my request for representation in this case at hand.

Respectfully,

Robert A. Warren

cc.
file

Robert A. Warren
B50436
W.I.C.C.
R.R.#4
Box 196
Mt. Sterling, Illinois   62353

Date January 18th, 2008

Kenneth N. Flaxman, P.C., attorney at Law
200 South Michigan Ave.
Suite 1240
Chicago, Illinois   60604-2430


Hello Attorney Flaxman:

   I am writing Concerning finding representation on a
Legal Civil 1983 suit I want to file. No matter what you
decide, should you take the case or not, I need a response
back. I will need this response to submit to the Court in
case I must motion for Appointment of Counsel.

   This is the basis of the Case:

   On July 3rd, 2007, I was shipped to Stateville Correctional
Center on a Court Writ. I was housed there from July 3rd to
July 18th, 2007. "I am on a religious Vegan diet" and was <u>Approved</u>
from Western Illinois Correctional Center <u>for the religious
Vegan diet</u> on May 18th, 2007. I have been Approved for this diet
<u>ever Since January 11th, 2005.</u>

   When I was shipped to Stateville in July of 2007, I was

– EX. B –

not given my religious Vegan diet. The Only diet I was given during this 15 day period was a Animal and Animal by-product diet I could not eat due to my religious beliefs. I had Notified Staff Apon Arrival on July 3rd, 2007, and everyday thereafter that I was on a religious Vegan diet. With Deliberate Indifference to my dietary Needs, and the fact that they were starving me, I was Never given a religious diet I could eat. The Illinois Department of Corrections has no policy in place to transfer the dietary Needs of a prisoner when Sent out on Court writs to Another prison and or facility. This Creates a situation, where a prisoner being on Court writs, is being Punished by Starvation the whole time the prisoner is out on the Court writ. I was Starved for 15 days Straight, Loss alot of Weight, and was hungry 24 hours a day. I woke-up hungry, and I Went to Sleep hungry too.

I await your response to my request for representation in this case at hand.

Respectfully,

Robert A. Warren

cc.
file

Robert A. Warren
B50436
W.I.C.C.
R.R.#4
Box 196
Mt. SterLing, ILlinois   62353

Date January 18th, 2008

Kenneth B. MoLL & Associates Ltd.
Pamela Gale Sotoodeh, Attorney at Law
70 W. Madison Street,   50th FL.
Chicago, ILlinois    60602

Hello Attorney Sotoodeh:

   I am writing Concerning finding representation on a
Legal Civil 1983 suit I want to file. No matter what you
decide, should you take the case or not, I need a response
back. I will need this response to submit to the Court in
case I must motion for Appointment of CounseL.

   This is the basis of the Case:

   On July 3rd, 2007, I was shipped to Stateville Correctional
Center on a Court Writ. I was housed there from July 3rd to
July 18th, 2007. "I am on a religious Vegan diet" and was Approved
from Western ILlinois Correctional Center for the religious
Vegan diet on May 18th, 2007. I have been Approved for this diet
ever since January 11th, 2005.

   When I was shipped to Stateville in July of 2007, I was

— EX. C —

not given my religious Vegan diet. The Only diet I was given during this 15 day period was a Animal and Animal by-product diet I could not eat due to my religious beliefs. I had Notified Staff Apon Arrival on July 3rd, 2007, and everyday thereafter that I was on a religious Vegan diet. With Deliberate Indifference to my dietary Needs, and the fact that they were starving me, I was never given a religious diet I could eat. The Illinois Department of Corrections has no policy in place to transfer the dietary Needs of a prisoner when Sent out on Court writs to Another prison and or facility. This Creates a Situation, where a prisoner being on Court writs, is being Punished by Starvation the whole time the prisoner is out on the Court writ. I was Starved for 15 days Straight, Loss alot of weight, and was hungry 24 hours a day. I woke-up hungry, and I went to Sleep hungry too.

I await your response to my request for representation in this case at hand.

Respectfully,

Robert A. Warren

cc.
file

Robert A. Warren
B50436
W.I.C.C.
R.R.#4
Box 196
Mt. Sterling, Illinois   62353

Date January 18th, 2008

Sylvia A. Sotiras, Attorney at Law
111 W. Washington Street , Suite: 1100
Chicago, Illinois   60602

Hello Attorney Sotiras:

   I am writing Concerning finding representation on a
Legal Civil 1983 suit I want to file. No matter what you
decide, should you take the case or not, I need a response
back. I will need this response to submit to the Court in
case I must motion for Appointment of Counsel.

   This is the basis of the Case:

   On July 3rd, 2007, I was shipped to Stateville Correctional
Center on a Court Writ. I was housed there from July 3rd to
July 18th, 2007. "I am on a religious Vegan diet" and was Approved
from Western Illinois Correctional Center for the religious
Vegan diet on May 18th, 2007. I have been Approved for this diet
ever Since January 11th, 2005.

   When I was shipped to Stateville in July of 2007, I was

— EX. D —

not given my religious Vegan diet. The Only diet I was given during this 15 day period was a Animal and Animal by-product diet I could not eat due to my religious beliefs. I had Notified Staff Upon Arrival on July 3rd, 2007, and everyday thereafter that I was on a religious Vegan diet. With Deliberate Indifference to my dietary Needs, and the fact that they were starving me, I was Never given a religious diet I could eat. The Illinois Department of Corrections has no policy in place to Transfer the dietary Needs of a prisoner when Sent out on Court writs to Another prison and or facility. This Creates a Situation, where a prisoner being on Court writs, is being Punished by Starvation the whole time the prisoner is out on the Court writ. I was starved for 15 days Straight, Loss aLot of Weight, and was hungry 24 hours a day. I woke-up hungry, and I went to Sleep hungry too.

I await your response to my request for representation in this case at hand.

Respectfully,

Robert A. Warren

cc.
file

Robert A. Warren
B50436
W.I.C.C.
R.R.#4
Box 196
Mt. Sterling, Illinois  62353

Date January 18th, 2008

Jennifer Ann Esposito, Attorney at Law
650 Dundee Road , Suite 160
Northbrook, Illinois   60062

Hello Attorney Esposito:

I am writing Concerning finding representation on a Legal Civil 1983 suit I want to file. No matter what you decide, should you take the case or not, I need a response back. I will need this response to submit to the Court in case I must motion for Appointment of Counsel.

This is the basis of the Case:

On July 3rd, 2007, I was shipped to Stateville Correctional Center on a Court Writ. I was housed there from July 3rd to July 18th, 2007. "I am on a religious Vegan diet" and was <u>Approved</u> from Western Illinois Correctional Center <u>for the religious Vegan diet</u> on May 18th, 2007. I have been Approved for this diet <u>ever since January 11th, 2005.</u>

When I was shipped to Stateville in July of 2007, I was

− EX. E −

not given my religious Vegan diet. The Only diet I was given during this 15 day period was a <u>Animal and Animal by-product diet</u> I could <u>not eat</u> due to <u>my religious beliefs</u>. I had <u>Notified</u> Staff Apon Arrival on July 3rd, 2007, and everyday thereafter that I was on a religious Vegan diet. <u>With Deliberate Indifference to my dietary Needs</u>, and the fact that <u>they were starving me</u>, I was Never given a religious diet I could eat. The Illinois Department of Corrections <u>has no policy in place</u> to Transfer the dietary Needs of a prisoner when Sent out on Court writs to Another prison and or facility. This Creates a Situation, where a prisoner being on Court writs, is being <u>Punished by Starvation</u> the whole time the prisoner is out on the Court writ. I was Starved for 15 days Straight, Loss alot of weight, and was hungry 24 hours a day. I woke-up hungry, and I went to Sleep hungry too.

I await your response to my request for representation in this case at hand.

Respectfully,

Robert A. Warren

cc.
File

# LOEVY & LOEVY
### ATTORNEYS AT LAW

Arthur Loevy
Jon Loevy
Michael Kanovitz
Danille Loevy
Jon Rosenblatt
Amanda Antholt
Kurt Feuer
Russell Ainsworth
Mark Loevy-Reyes

Telephone  312.243.5900
Facsimile  312.243.5902

312 N. May Street
Suite 100
Chicago, Illinois  60607

Website  www.loevy.com
Email  loevylaw@loevy.com

October 24, 2007

*Via first class mail*
CONFIDENTIAL LEGAL CORRESPONDENCE
Mr. Robert A. Warren
No.: B50436
W.I.C.C., Box 196
Mt. Sterling, IL 62353

*Re: Your request for legal representation*

Dear Mr. Warren:

Thank you for writing to Loevy & Loevy.  We have reviewed your information, and are unfortunately unable to take your case.

Please be advised that there are time limitations that govern the period in which a claim or lawsuit may be filed.  Such time periods depend on the cause of action you may wish to pursue. However, we encourage you to follow up with other attorneys <u>immediately</u> to ensure that all legal rights are fully explored and protected.

We appreciate your decision to contact us, and wish you the best of luck in pursuing your claims.

Sincerely,

Nikolas Stein
Paralegal

— EX, F —

525 Tyler Road, Q2, St. Charles, Illinois 60174
Phone: 630-377-6828 * Fax: 630-578-0480
Email: law@rachelhess.com * Website: www.rachelhess.com

January 16, 2008

Mr. Robert Warren, B50436
Western Illinois Correctional Center
R.R. #4, Box 196
Mt. Sterling, Illinois 62353

      **Re:**   **Potential Civil Case**

Dear Mr. Warren:

I am in receipt of your correspondence dated January 4, 2008.  Unfortunately, I will be unable to represent you in this matter as I do not handle civil cases of this nature.

Should you have any questions or concerns, please do not hesitate to contact me via mail.

Sincerely,
Law Office of Rachel J. Hess

Rachel J. Hess,
Attorney at Law

RJH/jj

*DUI/Traffic*

*Criminal Defense*

*Appeals*

*Real Estate*

*Small Claims*

*Information
Technology*

*Civil Litigation*

*Secretary of State
Hearings*

— EX. G —

# ALAN H. COOPER
**ATTORNEY AT LAW**

233 East Route 38
Suite 202
PO Box 194
Rochelle, Illinois 61068

Telephone (815) 562-2677
Facsimile (815) 562-3857
cooplaw@rochelle.net

February 11, 2008

Mr. Robert A. Warren
B50436
Western Illinois Correctional Center
R. R. #4
Box 196
Mt. Sterling, IL 62353

Dear Mr. Warren:

      Thank you for your letter of January 18, 2008, regarding the §1983 lawsuit which you would like to file. I regret to inform you that I am not in a position to undertake this representation at this time. Please do not take this as a reflection on your claim, which seems as if it may have merit. Also, please be aware that you are required to exhaust your administrative remedies (i.e., the grievance procedure) before filing any suit.

      Best wishes.

Sincerely,

ALAN H. COOPER

ahc:em

— EX. H —

STATE OF ILLINOIS

COUNTY OF BROWN    SS.

# AFFIDAVIT

Now Comes Robert A. Warren #B50436, (Herein after), the Plaintiff, Pro-se, and via a Jailhouse Lawyer, brings this affidavit in relation to the Plaintiff's Mental Comprehension relating to this 42 U.S.C. § 1983 Civil rights complaint, and states as follows under Penalty of Perjury Pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, and declares the Following true:

The Plaintiff in this case, has had very considerable amount of Legal assistance into the Construction of his Complaint, and motions filed, by Someone who has the understanding, and Knowledge of Section 1983. Plaintiff on the other hand, if went Pro-se, would most Likly do himself and his case more harm then good. the Plaintiff has "Severe deficits" in Comprehension Skills, which will Pervent him from being "cognizant" at all times, to keep the Process, and Proceedings moving, to affectivly Prosecute this Civil rights action, Per se. with "Severe deficits" in Comprehension, this will, without doubt, "severely pervent" Plaintiff from fully, and seccessfully Prosecute this action to the extent Possible in Order to Obtain any Justice, and entitle Plaintiff to relief, in this action, by Operation of Law.

Signed on this 17th day of March, 2008.

Robert A. Warren
#B50436
Plaintiff

EX. I

NAME _Warren_

REG. # _R50436_

Illinois Department of Corrections
**Inmate Legal/Privileged Mail Form**
Western Illinois Correctional Center

ALL LEGAL/PRIVILEGED MAIL MUST BE FLUOROSCOPED – INDICATING SUCH WITH YOUR INITIALS

| CORRESPONDENT/ADDRESS | INCOMING DATE/INIT. | DATE/INIT. | OUTGOING DATE/INIT. | DATE/INIT. |
|---|---|---|---|---|
| Clerk | | | 5-18-07 Ž | |
| 219 S. Dearborn St.   Chgo IL | | | 5-24-07 CB | |
| | | | 12-14-07 Ž | |
| Kless, atty. | 6-30-07 Ž | | 12-26-07 Ž | |
| 525 Lyle Rd.   St. Charles IL | 1-25-08 Ž | | 5-18-07 CB | |
| | | | 1-7-08 CB | |
| | 5-21-07 Ž | → | 7-1-07 Ž | ← |
| TRB | 5-8-08 Ž | | 11-16-07 Ž | |
| | | | 1-31-08 Ž | |
| Kathleen Zellner  Atty | | → | 2-13-08 Ž | ← |
| 1717 N. Naper Blvd | | | 9-1-07 Ž | 1-7-08 CB |
| Naperville IL | | | 10-1-07 Ž | Returned 1-1-08 |
| | | | 1- | |
| L. Ainsworth - atty   Loevy + Loevy | 1-31-08 Ž | * | 1-22-08 Ž | |
| 312 N. May St.   Chgo IL | | | | |
| Cooper - atty | 2-14-08 Ž | | 1-22-08 Ž | |
| 400 May Mart Dr.   Rochelle IL | | | | |
| Esposito - atty | | * | 1-22-08 Ž | |
| 650 Dundee Rd   Northbrook IL | | | | |
| Sotiras - atty | | * | 1-22-08 Ž | |
| 111 W. Wash.   Chgo IL | | | | |
| Sotoodeh - atty | | * | 1-22-08 Ž | |
| 70 W. Madison St.   Chgo IL | | | | |
| Flaxman | | * | 1-22-08 Ž | |
| 200 S. Michigan Ave   Chgo IL | | | | |
| Zellner | | * | 1-22-08 Ž | |
| 2215 York Rd.   Oak Brook, IL | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

WIL-0021 (EFF. 11/01)

– EX. J –