IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. WARREN B50436, | ) | |
| | ) | |
| Plaintiff, | ) | No.08 C 2518 |
| | ) | |
| v. | ) | Honorable William T. Hart |
| | ) | Judge Presiding |
| CHAPLAIN PETERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

NOW COME the Defendants, JACKIE MILLER, ROGER WALKER, and CHAPLAIN PETERSON, by and through their attorney, LISA MADIGAN, Illinois Attorney General, and submit the following memorandum in support of their Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss:

**INTRODUCTION**

This action is brought by Robert A. Warren (hereinafter "Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff claims his rights were violated by the Defendants, Chaplain Peterson, the chaplain at Stateville Correctional Center, Roger Walker, the director of the Illinois Department of Corrections and Jackie Miller, Chairperson Office of Inmate Issues. Specifically, Plaintiff alleges that the Defendants violated his rights for approximately two weeks between July 3, 2007 and July 18, 2007. On June 29, 2007, while at Western Illinois Correctional Center, Plaintiff received a memorandum reiterating his previous approval for a vegan diet. Three days later, on July 3, 2007, Plaintiff was temporarily transferred to Stateville Correctional Center on a court writ. Plaintiff alleges that between July 3, 2007 and July 9, 2007, he did not receive his vegan religious diet but

was able to eat the remaining ten percent of the food on his plate. Plaintiff states that on July 12, 2007, he received a contract for a vegan religious diet, which he immediately filled out and sent to Chaplain Peterson. Plaintiff alleges that he still did not receive his vegan diet between July 9, 2007 and July 18, 2007 and as a result ate the non animal products on his plate. As a result Plaintiff alleges he went to bed hungry at night and experienced weight loss. Plaintiff alleges that he sent a grievance regarding the denial of his vegan diet on July 31, 2007 and that he received a response from Jackie Miller from the ARB on February 4, 2008.

Plaintiff requests punitive and compensatory damages as well as injunctive relief. Plaintiff's Complaint as to all Defendants must be dismissed in its entirety. First, his complaint does not rise to the level of a constitutional violation. Second, the Eleventh Amendment is a bar to suits against the States, which includes state officials in their official capacities. Third, Plaintiff fails to allege personal involvement. Fourth, Plaintiff lacks to standing

**STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) tests whether the claimant has properly stated a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct 1955, 1964 (2007). The Court must dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations. Glatt v. Chicago Park District, 847 F.Supp. 101, 103 (N.D.Ill. 1994). Although Courts accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff, the court need not strain to find favorable inferences which are not apparent on the face of the complaint. Id. at 103. Nor is this Court required to accept legal conclusions either alleged or inferred from pleaded

facts. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In order to survive a mtion to dismiss, the complaint must state either direct or inferential allegations concerning all elements necessary for recovery under the chosen legal theory. Glatt, 847 F. Supp. at 103. Finally, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), citing Papasan v. Allain, 478 U.S. 265, 286,(1986). It is with these standards in mind that this motion must be decided.

**ARGUMENT**

I. **THE DENIAL OF A RELIGIOUS VEGAN DIET FOR TWO WEEKS DOES NOT RISE TO THE LEVEL OF A CONSTITUTIONAL VIOLATION.**

Plaintiff alleges that he did not receive his religious vegan diet for approximately two weeks between July 3, 2007 and July 18, 2007. However, Plaintiff acknowledges that during that time he was able to eat some of the items that were on his plate. The denial of a vegan diet for two weeks does not rise to the level of a constitutional violation. Previous courts have found that an occasional missed meal does not rise to the level of a constitutional violation. See, e.g., Knox v. Wainscott, No. 03C1429, 2003 WL 21148973, at *8 (N.D. Ill. May 14, 2003). In this case, the Plaintiff did not miss any meals because he was able to eat even though he was without his vegan meal for two weeks. If it is Plaintiff's intention to state a claim for violation of his first amendment rights then he has failed to do so. RLUIPA requires that a Plaintiff show 1) that he seeks to engage in an exercise of religion 2) that the challenged practice substantially burdens

the exercise of his religion. 42 U.S.C.A § 2000cc-2(b). Two weeks without a religious vegan diet do not constitute a substantial burden on Plaintiff's ability to practice his religion, a religion that Plaintiff fails to mention in his complaint. The Plaintiff does not allege that there was a substantial burden on his ability to practice his religion, instead he says he was hungry and suffered due to the lack of food this is insufficient to show a violation of his first amendment rights. Nelson v. Miller, No. 3-254-CJP, 20008 WL 904735, at *7 (S.D. Ill. March 31, 2008).

Additionally, the denial of a religious vegan diet for two weeks does not violate the Eighth amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. Wilson v. Seiter, 501 U.S. 294, 296-297 (1991). It was drafted in order to prohibit "torture" and other "barbarous" methods of punishment. Estelle v. Gamble, 429 U.S. 97, 102 (1976). It is the "unnecessary and wanton infliction of pain," which implicates the Eighth Amendment. Wilson, 501 U.S. at 297 citing Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Supreme Court has held that in addition to the "unnecessary and wanton infliction of pain," there must also be a showing of deliberate indifference by the accused in order to sustain an Eighth Amendment challenge. Wilson, 501 U.S. at 303. These two requirements are the objective component (was the deprivation sufficiently serious) and the subjective component (did the officials act with a sufficiently culpable state of mind). Id. at 298. As stated previously, the occasional missed meal does not rise to the level of a constitutional violation. See, e.g., Knox v. Wainscott, No. 03C1429, 2003 WL 21148973, at *8 (N.D. Ill. May 14, 2003). In this case, the Plaintiff was able to eat even though he was without his vegan meal for two weeks. The complaint does not allege a serious deprivation, and the actions of the Defendants are not indicative of their deliberate indifference. Exhibit C shows that the religious vegan diet was

approved at Western Illinois Correctional Center, three days prior to Plaintiff's transfer to Stateville. Roger Walker's name is at the top of the memorandum. Furthermore, the complaint alleges that Jackie Miller found out about the alleged violation after it occurred so certainly there was no deliberate indifference on the part of Defendant Miller. Lastly, the complaint alleges that the Plaintiff sent a vegan contract to Chaplain Peterson only six days prior to the end of the alleged constitutional violation. As such Plaintiff fails to show deliberate indifference on the part of any of the named Defendants and his complaint must be dismissed with prejudice.

**II.   THE ELEVENTH AMENDMENT BARS ALL OFFICIAL CAPACITY CLAIMS FOR MONEY DAMAGES AND PLAINTIFF'S CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES IS AKIN TO A SUIT AGAINST THE STATE; AN UNCONSENTING STATE IS IMMUNE FROM SUIT IN FEDERAL COURT.**

Plaintiff is suing Defendants Roger Walker, the Director of the Illinois Department of Corrections, Jackie Miller, and Chaplain Peterson in both their individual and official capacities. He is requesting both punitive an compensatory damages. Plaintiff's claims against the Defendants are barred by the Eleventh Amendment, therefore Plaintiff's Amended Complaint must be dismissed.

A suit against a Defendant acting in her official capacity is effectively a suit against the state itself. Brandon v. Holt, 469 U.S. 464, 471-472 (1985). A state is not a "person" subject to suit under 42 U.S.C. § 1983. Arizonians for Official English v. Arizona, 520 U.S. 43, 68-69 (1996). Additionally, the Eleventh Amendment generally bars suits in federal court against state officials in their official capacities when the state is the real party in interest. Sonnleitner v. York, 304 F.3d 704, 717 (7th Cir. 2002). "When the action is in essence one for recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit

even though individual officials are nominal defendants." Edelman v. Jordan, 415 U.S. 651, 663 (1974).

The United States Supreme Court has unequivocally held that an unconsenting state cannot be sued in federal court. Pennhurst v. Haldeman, 465 U.S. 89, 100-101 (1984). A state simply cannot be sued in federal court, unless Congress has chosen to override the Eleventh Amendment by legislating pursuant to its power under section 5 of the Fourteenth Amendment. see Fitzpatrick v. Bitzer, 427 U.S. 445 (1976). Since Illinois has not consented to the suit in federal court, and since the stated exception does not apply in this case, Plaintiff's claim is defective on its face.

In Pennhurst, the Court stated:

> This Court's decisions thus establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. There may be a question, however, whether a particular suit in fact is a suit against the State. It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.

Pennhurst, 465 U.S. at 100.

The Court further held that it makes no difference whether the Plaintiff seeks damages or injunctive relief. Id. at 102.

The Eleventh Amendment bar to federal jurisdiction over a state and state agencies has been reaffirmed many times. See, e.g., Kroll v. Board of Trustees of Univ. of Illinois, 934 F.2d 904, 907 (7th Cir. 1991); Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 788 (7th Cir. 1995); Scott v. O'Grady, 975 F.2d 366, 369 (7th Cir. 1992). The Eleventh Amendment bar has also been applied to the Illinois Department of Corrections. Trotter v. Klincar, 748 F.2d 1177, 1181 (7th Cir. 1984). Even in cases brought under 42 U.S.C. 1983 raising constitutional claims, the Eleventh Amendment

bar remains. Quern v. Jordan, 440 U.S. 332 (1979).

Courts have created a few exceptions to the general rule that states are immune from suit in federal court, however the exceptions do not apply where the Plaintiff seeks monetary relief. American Soc. Of Consultant Pharmacists v. Patla, 138 F.Supp.2d 1062, 1068 (N.D. Ill. 2001). According to the Supreme Court, Courts can tell a state official to comply with federal standards in the future, however, federal Courts cannot tell a state official to use state funds to make reparation for the past. Edelman, 412 U.S. at 664-665, citing Rothstein v. Wyman, 467 F.2d 226 (2nd Cir. 1972).

Here, the relief sought from the Defendants is monetary, as Plaintiff requests both punitive and compensatory damages. Therefore this case does not fall under the injunctive relief exception. Because Plaintiff sues the Defendants in their official capacities and seeks monetary damages, Plaintiff's official capacity claims are barred by the Eleventh Amendment. Consequently, Plaintiff's Amended Complaint must be dismissed with prejudice as to all Defendants in their official capacities. Furthermore under the Prisoner Litigation Reform Act, since Plaintiff has suffered no physical injury, his recovery is limited to nominal damages. Koger v. Bryan, 523 F.3d 789, 805 (7th Cir. 2008)(J. Evans, concurring).

### III. PLAINTIFF FAILS TO PLEAD SUFFICIENT PERSONAL INVOLVEMENT TO HOLD DEFENDANTS LIABLE FOR ANY ALLEGED CONSTITUTIONAL VIOLATIONS.

An individual cannot be held liable under 42 U.S.C sec.1983 unless he or she is personally responsible for an alleged constitutional deprivation. Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981). The complaint must sufficiently allege the Defendant's personal involvement in order

to state a constitutional claim. Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1983). "The Constitution does not make public employees strictly, let alone vicariously, liable for injuries that befall their charges." Pacelli v. DeVito, 972 F.2d 871, 875 (7th Cir. 1992). The employees must know about the problem and intend that it continue. Id. at 875. They must act with deliberate or reckless disregard of an inmate's constitutional rights. Crowder, 687 F.2d at 1005. Or the constitutional deprivation must occur at the Defendants knowledge and consent. Id. Plaintiff must demonstrate personal involvement by showing that Defendants knew about the claimed constitutional violation, and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye. . . ." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995).

Plaintiff's allegations against Defendants Walker, Peterson and Miller do not allege their personal involvement. The Defendants are being sued in their official and individual capacities. Roger Walker is the Director of the Illinois Department of Corrections, Jackie Miller is Chairperson of the Office of Inmate Issues and Chaplain Peterson is the chaplain at Stateville Correctional Center. At no point in the complaint does the Plaintiff allege that any of these Defendants had any direct involvement in the denial of his religious vegan diet. Plaintiff's only allegation regarding Jackie Miller is that he received a letter from Jackie Miller regarding his grievance on February 4, 2008, approximately seven months after the alleged denial of Plaintiff's religious diet. In fact, Plaintiff did not submit a grievance until after July 18, 2007. (See Complaint ¶ 5). At no time does Plaintiff allege that Defendant Miller was familiar with Plaintiff's situation between July 3, 2007 and July 18, 2007.

Likewise, Plaintiff never alleges that Roger Walker knew about the claimed constitutional violation, and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye. . . ." Gentry, 65

F.3d at 561. In fact, Plaintiff does not mention Roger Walker until paragraph nine of his complaint which details events which occurred in 2008. He does not claim that Roger Walker was informed of his situation between July 3, 2007 and July 18, 2007. Furthermore, Plaintiff attaches as exhibit C, a memorandum, with Roger Walker's name at the top, that confirms the approval of a special vegan diet for the Plaintiff on June 29, 2007, three days prior to July 3, 2007.

Plaintiff's allegations regarding Chaplain Peterson also fail to specify his personal involvement in the denial of Plaintiff's religious vegan diet. Plaintiff alleges that he received a religious contract on July 12, 2007 and that he mailed it to Chaplain Peterson that day. The 12th was six days prior to the end of the alleged deprivation of Plaintiff's rights. There is no indication that Chaplain Peterson actually received the contract prior to July 18, 2007. Plaintiff alleges in his amended complaint that Chaplain Peterson received emails from a third party and that he failed to respond in a "reasonable" amount of time but does not state when those emails were sent and if he knows that Chaplain Peterson received any such emails. Given the Supreme Court's recent ruling in <u>Bell Atlantic Corp. v. Twombly</u>, Plaintiff's bare allegations ask the court to draw too many conclusions and leaves Plaintiff's claims against Defendants too speculative. <u>Bell Atlantic</u>, 127 S. Ct. 1955 (2005)

Plaintiff's complaint must be dismissed because Plaintiff's allegations fail to allege sufficient personal involvement.

**IV.  PLAINTIFF'S FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR INJUNCTIVE RELIEF.**

If the Plaintiff's requests for monetary relief are dismissed, the Plaintiff does not have

standing to request injunctive relief. To have standing to assert a claim for declaratory or injunctive relief, a plaintiff "must show that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury must be both "real and immediate" not "conjectural" or "hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot. Brown v. Bartholomew Consolidated School Corp., 442 F.3d 588,596 (7th Cir. 2006). There must be a live controversy which exists at all states of review not simply on the date the case was initiated. Id.

This Complaint fails to allege how the Plaintiff is in immediate danger of sustaining some direct injury. On the contrary, the complaint states that Plaintiff did not receive his religious vegan diet, while at Stateville Correctional Center for two weeks between July 3, 2007 and July 18, 2007. Plaintiff is now housed at Pontiac Correctional Center, not at Stateville Correctional Center. Furthermore, his complaint states that the alleged injury ended a year ago on July 18, 2007. There is nothing in the complaint to suggest the Plaintiff is in any real and or immediate danger.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff's Complaint fails as a matter of law. Defendants respectfully request that the complaint be dismissed, in its entirety, with prejudice.

LISA MADIGAN                                              Respectfully submitted,
Attorney General of Illinois

                                                 By:   s/Camile Lindsay
                                                     CAMILE J. LINDSAY
                                                     Assistant Attorney General
                                                     Office of the Attorney General

                                                     100 W. Randolph Str., 13th Floor
                                                     Chicago, Illinois  60601
                                                     (312) 814-4329