IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT A. WARREN, #B50436,
PRO-SE            Plaintiff,

v.                                                NO. 08 C 2518

                                                  The Honorable
CHAPLAIN  PETERSON, et al.,                       William T. Hart
                 Defendants.                      Judge Presiding.

## NOTICE OF FILING

TO:  ATTORNEY GENERAL'S OFFICE
     General Law Bureau
     Attn: CAMILE J. LINDSAY
     100 West Randolph Street   13th Floor
     Chicago, Illinois    60601

FILED
JUL 31 2008 LCW
JUL 31, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PLEASE TAKE NOTICE, That the Plaintiff causes to file the attached Pro-se motion, MOTION TO DISMISS with the Clerk of Court for the Northern District of Illinois, Eastern Division on July 25th 2008, a copy of which is attached and hereby served upon you.

By: Robert A. Warren
    #B50436
    Pontiac Corr. Ctr.
    P.O. Box 99
    Pontiac, Illinois
    61764

## PROOF OF SERVICE

The undersigned being duly sworn upon Oath deposes and states that a copy of the foregoing was served upon the above named at the address indicated by U.S. MAIL on the 25th of July, 2008.

Robert A. Warren

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT A. WARREN, #B50436,
  PRO-SE          Plaintiff,

v.                                              No. 08C2518

CHAPLAIN PETERSON, et al.,                      The Honorable
            Defendants.                         William T. Hart
                                                Judge Presiding.

FILED JUL 31 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

## MOTION TO DISMISS

NOW COMES The Plaintiff, ROBERT A. WARREN, #B50436, Pro-se, and respectfully moves this honorable Court with this memorandum in support of his Federal Rule of Civil Procedure Rule 12(b)(6) motion to Dismiss, Defendant's motion to Dismiss:

## INTRODUCTION

This action is brought by Robert A. Warren, #B50436, Pro-se, (hereinafter "Plaintiff"), pursuant to 42 U.S.C. § 1983, Against Nine defendants, who are employees, and work for the State of Illinois, within the Illinois Department of Corrections, for violating Plaintiff's Constitutional Protected rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, inside prison walls, while he was at the Stateville Correctional Center, on a Court Writ, from the Western Illinois Correctional Center, from July 3rd, 2007 to July 18th, 2007. On June 29th, 2007, while at the Western Illinois Corr-

1.

ectional Center a memorandum was sent to the Plaintiff in order to reiterate his previous approval for a Religious diet (Vegan) based upon Plaintiff's religious beliefs effective May 18th 2007. On July 3rd 2007, Plaintiff was temporarily transferred to the Stateville Correctional Center on a Court Writ, and was placed in the Northern Recieving and Classification Part of Stateville, (hereinafter "N.R.C. Building"). Plaintiff states in his Complaint that while at the N.R.C. Building, between July 3rd 2007, and July 9th 2007, he notified the staff that he had a religious Vegan diet approved at Western, the staff took a stance of delibrate Indiffrence towards the health and dietary needs of the Plaintiff, and fed Plaintiff a non-Vegan tray, at meal times, which Plaintiff could only consume about 10 percent of each trays contents served, because of his religious beliefs. As a result, Plaintiff suffered Physical injuries. Plaintiff's religious Vegan diet was denied the entire time while at the N.R.C. Building.

On July 9th 2007, Plaintiff was moved to F-House, (inside the walls), where he notified the new staff members that he had a religious Vegan diet approved at Western, the staff took a stance of Delibrate Indiffrence toward the health and dietary needs of the Plaintiff, and fed Plaintiff a non-Vegan tray, at meal times, which Plaintiff could only consume about 10 percent of each trays contents served, because of his religious beliefs. As a result, Plaintiff went to bed and woke-up

2.

hungry everyday and suffered Major Weight Loss, emotional and mental anguish and distress, pain and suffering from being hungry, daily dietary nutritional calories deficientcy and the period of 15 days without a religious diet, (Vegan).

On July 12th, 2007, Plaintiff recieved a Contract for a Vegan religious diet which he immediately filled out and sent to Chaplain Peterson.

On July 18, 2007, Plaintiff was transferred back to the Western Illinois Correctional Center without recieving his religious (Vegan) diet during the entire time while he was at the Stateville Correctional Center from July 3rd to July 18th, 2007.

On July 31st, 2007, Plaintiff sent his grievance regarding the denial of his religious, (Vegan), diet with Letterhead and a I.O.O.C. memorandum dated June 29th, 2007, to the A.R.B. And he recieved a reply from Jackie Miller from the A.R.B. on February 4th, 2008, such reply did "not" address the grievance.

On May 15th, 2008, Plaintiff's Complaint was filed in this Court. On June 8th, 2008, an Amended Complaint was filed and recieved by the Clerk of Court on June 13th, 2008.

On July 18th, 2008, Defendant's JACKIE MILLER, ROGER WALKER and CHAPLAIN PETERSON, by and through their attorney, LISA MADIGAN, Illinois Attorney General, had filed the instant motion, MOTION TO DISMISS, under Rule 12(b)(6).

3.

For the Purpose of Plaintiff's Motion to Dismiss, the Plaintiff will only respond to the Defendant's Motion to dismiss, and correct as necessary, any facts that pertain to Plaintiff's Complaint and Amended Complaint filed, Herein.

---

Plaintiff brings this action under 42 U.S.C.A. §1983, of the civil rights act, which provides a cause of action to redress the violation of federally secured rights by a person acting under the color of state law. <u>BELL V. CITY OF MILWAUKEE</u>, 746 F.2d 1205 (7th cir. 1984). To state a claim under this act, Plaintiff must allege a violation of rights secured by the Constitution, and laws of the United States, and must show that a person acting under the color of state law committed the alleged deprivation. <u>WEST V. ATKINS</u>, 487 U.S. 42 (1988). The first inquiry in every §1983 case, is whether the Plaintiff has been deprived of a right secured by the Constitution or laws of the United States. <u>BAKER V. McCOLLAN</u>, 443 U.S. 107, 140 (1979).

These elements maybe put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. RULE 8(a)(2). In reviewing the filed Complaints, herein, on the Defendant's motion under 12(b)(6) no more is required from Plaintiff's allegations of intent than what would satisfy RULE 8's NOTICE PLEADING minimum and RULE 9(b)'s requirement that

4.

motive and intent be pleaded generally. See <u>ALVRADO V. LITSCHER</u>, 267 F.3d 648, 651 (7th Cir. 2001); <u>SUBIL V. SHERIFF OF PORTER COUNTY</u>, WL 1174218*1 (2005).

Plaintiff requests punitive and compensatory damages as well as injunctive relief. Plaintiff's complaint and amended complaint filed state a cause of action under 42 U.S.C.A. §1983. First, his complaint and amended complaint does rise to the level of a constitutional violation. Second, the Eleventh Amendment does not bar suit in the official capacities. Third, plaintiff has allege personal involvement. Fourth, plaintiff does not lack to standing.

## STANDARD OF REVIEW

When analyzing plaintiff's claims against defendant's, WALKER, MILLER and PETERSON, the standards that apply to a motion to dismiss a pro-se complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On a motion to dismiss the issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence in support of his claim. <u>SCHEUER V. RHODES</u>, 4-16 U.S. 232, 236 (1974). In resolving that issue, the court takes all of the well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff. See e.g., <u>WILCZYNSKI V. LUM-</u>

5.

BERMENS MUTUAL CASUALTY CO., 93 F.3d 397, 401 (7th cir. 1996). A complaint will not be dismissed on a motion to dismiss unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. A Complaint need not set forth all relevant facts or recite the law, all that is required is a short and plain statement showing he is entitled to relief. FED. R. CIV. P. 8(a); DOHERTY v. CITY OF CHICAGO, 75 F.3d 318, 322 (7th cir. 1996). A plaintiff in a suit in federal court need not plead facts. Conclusions may be pleaded as long as the defendants have at least minimal notice of the claim. FED. R. CIV. P. 8 (a)(2); JACKSON v. MARION COUNTY, 66 F.3d 151, 153-54 (7 cir. 1995). and Rule 9(b)'s requirement that motive and intent be pleaded generally. See e.g. FED. R. CIV. P. 9(b); ALVARADO V. LITSCHER, 267 F.3d 648, 651 (7th cir. 2001); SUBIL V. SHERIFF OF PORTER COUNTY, WL 1174218*1 (2005). Furthermore, Because Plaintiff is a Layman proceeding without the benefit of counsel, the Court must construe his complaint Liberally. HUGHES V. ROWE, 449 U.S. 5, 9 (1980); HOSSMAN V BLUNK, 784 F.2d 793, 797 (7th cir. 1986). It is with these standards in mind, that guides the Court in deciding a Pro-se Complaint under a Rule 12(b)(6) motion.

## ARGUMENT

6.

I. THE DENIAL OF A RELIGIOUS VEGAN DIET FOR TWO WEEKS DOES RISE TO THE LEVEL OF A CONSTITUTIONAL VIOLATION.

Plaintiff's complaint alleges that he did not recieve his religious vegan diet for approximately two weeks between July 3rd and July 18th, 2007. During this time period, Plaintiff was fed non-vegan trays at meal time, and was only allowed to eat about 10 percent of each trays contents served due to his religious beliefs. Plaintiff's religious vegan diet is in relations to his religious beliefs, because, it was Approved at Western "based upon his religious beliefs". The denial of a vegan diet for two weeks does rise to the level of a Constitutional violation. See, e.g., BASS v. COUGHLIN, 976 F.2d 98 (2nd cir. 1992)("Prison officials must provide a prisoner a diet that is consistant with his religious scruples"); Also AGRAWAL V. BRILEY, No. 02C 6807, 2006 WL 3523750 *17 (N.D. ILL. Dec. 6, 2006) (citing AGRAWAL, WL 22839813 *2 (N.D. ILL. 2003); HUNAFA V. MURPHY, 907 F.2d 46, 47 (7th cir. 1990) ("It is settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the first Amendment). In this case, the Plaintiff did miss his vegan religious diet. in fact, the defendant's Admit in their motion to dismiss that "he was without his vegan meal for two weeks". (Def. Pg. 3).

Under the United States constitution the First Amendment guarantees that, "CONGRESS SHALL MAKE NO

7.

LAW RESPECTING AN ESTABLISHMENT OF RELIGION, OR PROHIBITING THE FREE EXERCISE THEREOF..."

Prisoner's have long been understood to retain some measure of the Constitutional Protection afforded by the first Amendment inside prison wall. PELL V. PROCUNIER, 417 U.S. 817, 822 (1974). Including the free exercise of religion. CRUZ V. BETO, 405 U.S. 319, 322 n.2 (1972); O'LONE V. ESTATE OF SHABAZZ, 482 U.S. 342, 349 (1987).

Under the first Amendment Prisoner's "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." e.g., AL-ALAMIN V. GRAMLEY, 926 F.2d 680, 686 (7th cir. 1991).

Plaintiff's Religious Vegan diet was denied for two weeks, which constitutes a substantial burden on Plaintiff's ability to practice his religion, Plaintiff's religious affilation is AFRICAN-HEBREW ISRAELITE, which Plaintiff "Proudly" displayed it in his grievance (Pg.2), which is attached to his complaint as EX.B, and is referred to in his statement of claim. (Paragraphs 5, 8). Plaintiff does allege that there was a substantial burden on his ability to practice his, because his diet was denied for two weeks, that in relations to his religious practice, because, his diet was approved at western based upon his religious beliefs. BASS, 976 F.2d 98; HUNAFA, 907 F.2d at 47. Furthermore, JUBIL V. SHERIFF OF PORTER

8.

COUNTY, WL 1174218 (2005)(citing 28 U.S.C. § 2000 cc at *3) The Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Section 2000 cc (a)(1)

Provides that no government shall impose a substantial burden on confined persons unless the burden:

(a) is in furtherance of a compelling government interest; and

(b) is the least restrictive means of furthering that compelling governmental interest.

See e.g., TURNER V. SAFLEY, 482 U.S. 78 (1987); O'LONE V. ESTATE OF SHABAZZ, 482 U.S. 342, 349 (1987); OVERTON V. BAZZETTA, 123 S.Ct. 2162, 2167-68 (2003).

The substantial burden to Plaintiff to practice his religion had caused Plaintiff to go to sleep and awake hungry due to insufficient food to obtain normal health, is a violation of Plaintiff's first amendment rights. e.g., Id.

Additionally, the denial of a religious vegan diet for two weeks does violate the Eighth amendment. To challenge prison conditions under the eighth amendment, Plaintiff must show both objective and subjective evidence. e.g., FARMER V. BRENNAN, 511 U.S. 825, 832 (1994); WILSON V. SEITER 111 S.Ct. 2321, 2324 (1991). Cruel and unusual punishment is prohibited by the eighth amendment and applies to the states through the due process clause of the fourteenth amendment. ROBINSON V. CALIFORNIA, 370 U.S. 660, 666, 82 S.Ct. 1417, 1420 (1962). The objective analy-

9.

sis focuses on the ——— defendants' acts and whether the conditions had had deprived Plaintiff of a "basic Human need of a mature civilized society." e.g. JACKSON V. DUCKWORTH, 955 F.2d 21, 22 (7th cir. 1992); SANDVILLE V. McCAUGHTRY, 22 F.3d 724, 734 (7th cir. 2001). The subjective analysis focuses an inquiry into intent, requires to ask whether the defendants' acted wantonly and with a sufficiently culpable state of mind. WILSON, 111 S.Ct. 2326-27; ESTELLE V. GAMBLE, 489 U.S. 97, 104, 97 S.Ct. 285, 291 (1976). Regarding the subjective analysis DUCKWORTH V. FRANZEN, 780 F.2d 645, 653 (7th cir. 1985), is the law in this circuit regarding the minimum intent requirement, The defendants' must have "actual knowledge of impending harm easily preventable". Id at 653. See also, McGILL V. DUCKWORTH, 944 F.2d 344, 348-49 (7th cir. 1991)(discussing seventh circuit case law on the subjective component of eighth amendment analysis). As stated previously, the denial of a vegan diet for two weeks does rise to the level of a constitutional violation. The defendants' admit "he was without his vegan meal for two weeks". (Def. Pg. 3). e.g. HUNAFA V. MURPHY, 907 F.2d 46, 47 (7th cir. 1990); BASS V. COUGHLIN, 976 F.2d 98 (2nd cir. 1992); AGRAWAL V. BRILEY, NO. 02C6807, 2006 WL 3523750,* 17 (N.D. ILL. Dec. 6, 2006)(citing AGRAWAL, WL 22839813*2(N.D. ILL. 2003). In this case, the Plaintiff did miss his vegan religious diet for two weeks. The complaint does allege a serious deprivation, and the actions of the defendants' are indicative of their deliberate indifference. Exhibit C shows that the religious vegan diet was approved at the

10.

Western Illinois Correctional Center on May 18th, 2007. Roger Walker and Jackie Miller both took a stance of deliberate indifference towards the health and dietary needs of the Plaintiff's grievance when they refused to respond in a "reasonable-time-frame". Lastly, the Complaint and Amended Complaint alleges that Chaplain Peterson took a stance of deliberate indifference, when he was sent e-mails by Psychologist Timothy Cummings on more then one occasion advising him of Plaintiff's condition and situation, and did not respond reasonable, when the situation was obvious that Chaplain need to respond in order to have a religious vegan diet for the Plaintiff. The Complaint alleges Deliberate Indifference on all named-defendants'. Therefore, defendants' motion to dismiss should be denied. e.g. WILLIAMS V. SYNDER, WL 2037200 (2006)

Plaintiff's Complaint and Amended Complaint does rise to the Level of a Constitutional violation.

II. THE ELEVENTH AMENDMENT DOES NOT BAR THE OFFICIAL CAPACITY CLAIMS FOR MONEY DAMAGES, AND PLAINTIFF'S CLAIMS AGAINST DEFENDANT'S IN THEIR OFFICIAL CAPACITY WAS CLEARLY ESTABLISHED, AND ARE NOT IMMUNE FROM SUIT IN FEDERAL COURT, DUE TO POLICY.

Plaintiff is suing defendant's WALKER, MILLER and PETERSON in both their individual and official capacities, and requests both punitive and compensatory da-

mages as was as injunctive relief. Plaintiff's claims against the defendants were clearly established, and are not barred by the Eleventh Amendment's Application for Qualified Immunity.

The Supreme Court held that "government officials, (and state officials alike), performing discretionary functions, generally are shielded from liability for civil damages insofar their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." e.g., HARLOW V. FITZGERALD, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In DAVIS V. SCHERER, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984), the Court reaffirmed the holding in HARLOW and stated:

> "[A]n Official would not be held liable in damages under § 1983 unless the Constitutional right he was alleged to have violated was 'clearly established' at the time of the violation."

Under the law it can be fairly said that, the defendant's in this case, are not immune from monetary damages through the application of Qualified immunity of the Eleventh Amendment. Since the law can be said, at the time of the alleged violation, to be clearly established. Id. In July, 2007, Plaintiff has a constitutional protected right to practice his religion under the First Amendment's Free exercise of religion clause. because the right to free exer-

12.

cise of one's religion has long been a clearly established Constitutional right. e.g., CRUZ V. BETO, 405 U.S. 319, 322 n.2 (1972); O'LONE V. ESTATE OF SHABAZZ, 482 U.S. 349 (1987). See also AL-ALAMIN V. GRAMLEY, 926 F.2d 680, 686 (7th cir. 1991) also PELL V. PROCUNIER, 417 U.S. 817, 822 (1974).

Furthermore, the Plaintiff has also suffered a deprivation of a Constitutionally protected interest and that the deprivation was caused by a Policy Practiced by the Illinois Department of Corrections, that Plaintiff's Complaint states, "that no automatic Procedure is in Place" that would transfer Plaintiffs Vegan diet to a facility where you are on a Court writ." (Complaint pg. 7 of 7) e.g. Ex. E of Complaint. This Policy clearly establishes a Constitutional Deprivation of Plaintiffs Constitutionally protected interest to free exercise one's religion and to be free from cruel and unusual punishment. e.g. MONELL V. DEPARTMENT OF SOCIAL SERVICES, 436 U.S. 658 98 S.Ct. 2018 56 L.E.d. 2d 611 (1978), SANDIN V. CONNER, 515 U.S. 472 (1995), FRENCH V. OWENS 777 F.2d 12-55 (7th cir. 1985) cert. 107 S.Ct. 77 (1986) Quoting RAMOS V. LAMM, 639 F.2d 559, 570-71 (10th cir. 1980), cert. denied, 450 U.S. 1041 (1981).

Lastly, the Plaintiff also alleges in his Complaint that he was denied his religious Vegan diet while at the N.R.C. building, and also F-House by two diffrent sets of staff members. Which alleges a pattern or a series

of incidents of unconstitutional conduct, this here can safly be conciderd a policy sufficient to withstand a a dismissal motion. e.g., POWE v. CITY OF CHICAGO, 664 F.2d 639, 650 (7th cir. 1981). together, with the statewide policy that has no automatic procedure on the transfering of a dietary needs from one prison to another, it can not be fairly said that Plaintiffs allegations pertain soley to his own situation, such that would fail to rise to the magnitude of a policy or widespread practice. Plaintiff's complaint alleges ground, and the eleventh Amendment does not bar Plaintiff's claims arising from unconstitutional conduct and statewide Policy that feeds on Constitutional rights without their day in Court to safegard and remedy. Complaint also alleges that because of the denial of his vegan diet Plaintiff's health was not normal, do to excessive weight loss by not eating aduauatlly, such that The Prisoner Litigation Reform act did not apply, to Plaintiff's monetary relief, requested. and its well known that Plaintiff can recover damages from the past. since the Eleventh Amendment does not bar suit, the Amended Complaint stands. e.g. Id.

III. PLAINTIFF'S COMPLAINT PLEADS SUFFICIENT PERSONAL INVOLVEMENT TO HOLD DEFENDANTS LIABLE FOR ANY ALLEGED CONSTITUTIONAL VIOLATIONS.

14.

Plaintiff's Complaint does allege Personal involvement against Defendants WALKER, PETERSON and MILLER.

Plaintiff's Complaint containes a written grievance he wrote regarding his vegan diet denial at the Stateville Corr. Center. Plaintiff sent such along with a Letterhead and an I.D.O.C. memorandum dated the 29th of June, to the A.R.B on July 31st 2007, Plaintiff had wrote the a.r.b. for a "status" on his grievance dated Nov. 15th, 2007, no reply came. On January 31st 2008, Plaintiff wrote the A.R.B. advising them that their 6 months to respond to Plaintiff's grievance has "expired" pursuant 20 ILL. ADM. code of corrections under Ch.1 Sec. 504.850 (F). (See e.g. Ex A,B,C,D & H-Complaint) Jackie Miller responded to Plaintiff's Letter, not Grievance. furthermore, Miller had wrote "send me another one w/ proof of service + I'll review". Plaintiff had complied, but, was not, not at all obligated to do so. this here, states Personal involvement on Millers Part sufficientlly to hold Miller Liable. <u>CROWDER V. L-ASH</u>, 687 F.2d 996, 1005 (7th cir. 1993) Miller was aware of the situation and disregarded it.

Defendant Walker, is very much aware or should be towards the rules and regulations of I.D.O.C. his response was required but never came. e.g (Ex. P in Complaint).

15.

Plaintiff's amended complaint and complaint setforth allegations that allege personal involvement against defendant Peterson because e-mails were sent to him by psychologist Timothy Cummings on more then one occasion, advising him of plaintiff's condition and situation with no response. and the defendant are the ones who are speculating and drawing their own conclusions, per se. The circumstances suggest that the defendant-official's being sued had been exposed to information concerning the risk, and thus 'must have known' about it then such evidence could be sufficient to permit a trier of fact to find that the defendant-official's had actual knowledge of the risk. FARMER V. BRENNAN, 511 U.S. 842-43 (1994). Defendants, Herein, are respondsible for keeping themselves "sensitive and alert to the protections afforded prisoners by the developing Judicial scrutiny of prison conditions and practices". KNELL V BENSINGER, 552 F.2d 720, 725 (7th cir. 1975).

Plaintiff's complaint raises sufficient personal involvement. Defendants motion must be denied.

IV. PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO STATE A CLAIM FOR INJUNCTIVE RELIEF.

Plaintiff has Already alleged facts in his com-

16.

plaint that he has already sustained direct injury as a result of the challenged official conduct and the injury and threat is both real and immediate. e.g. CITY OF LOS ANGELES V. LYONS, 461 U.S. 95, 102 (1983).

The injury and threat is simple, I.D.O.C. has no policy in place that will transfer his vegan diet to another prison. Once he leaves Pontiac. Since Plaintiff is not in protective custody, but segragation, and is soon to be released on Nov. 24, 2008, and there is a very good chance that Plaintiff could be transfered to Stateville. So, There will be most a repetition if injunctive relief is denied.

Furthermore, the statue of limitation for an injury claim has expired on July 18, 2008, a dismissal would leave Plaintiff forever prejudiced and the violations would go unremedied which is the wrong message sent to furture violators.

## CONCLUSION

WHEREFORE, For the foregoing reasons Plaintiff's complaint and amended complaint state a cause of action. Defendant's motion fails as a matter of law as well as in facts. Plaintiff respectfully requests that the Defendant's motion to dismiss Plaintiff's complaint be DENIED.

Respectfully
    Submitted,

Robert A. Warren
B50436
Pontiac Corr Ctr.
P.O. Box 99
Pontiac, Illinois
    61764

PRO-SE

18.