11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION **FILED**

ROBERT A. WARREN, #B50436,
__PRO-SE__          Plaintiff,

V.

CHAPLAIN PETERSON, et al.,
                    Defendants.

AUG   4 2008
**AuG 4, 2008**  MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NO. 08 C 2518

The Honorable
William T. Hart
Judge Presiding

## NOTICE OF FILING

TO:

ATTORNEY GENERAL'S OFFICE
General Law Bureau
Attn: CAMILE J. LINDSAY
100 West Randolph Street   13th Floor
Chicago, Illinois   60601

PLEASE TAKE NOTICE, that the Plaintiff causes to
file the attached Pro-se motion, __CORRECTED COPY OF__
__MOTION TO DISMISS__, with the Clerk of Court for the
Northern District of Illinois, Eastern Division on the
29th Day of July, 2008, a Copy of which is attached and
hereby Served upon you.

By: Robert A. Warren
B50436
Pontiac Corr. Ctr.
P.O. Box 99
Pontiac, Illinois
61764

## PROOF OF SERVICE

The Undersigned being duly sworn upon Oath deposes and
States that a copy of the foregoing was served upon the above-named
at the address indicated by __U.S. MAIL__ on the 29th of July, 2008.

Robert A. Warren

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT A. WARREN, #B50436,
  PRO-SE              Plaintiff,

         V.                              NO. 08 C 2518

                                         The Honorable
CHAPLAIN   PETERSON, et al.,             William T. Hart
                      Defendants.        Judge Presiding.

## NOTICE OF FILING

TO:  ATTORNEY GENERAL'S OFFICE
     General Law Bureau
     Attn: CAMILE J. LINDSAY
     100 West Randolph Street   13th Floor
     Chicago, Illinois    60601

    PLEASE TAKE NOTICE, That the Plaintiff causes to
file the attached Pro-se motion, MOTION TO DISMISS
with the Clerk of Court for the Northern District of Illinois,
Eastern Division on July 25th 2008, a copy of which is
attached and hereby served upon you.

                        By: Robert A. Warren
                            #B50436
                            Pontiac Corr. Ctr.
                            P.O. Box 99
                            Pontiac, Illinois
                                61764

## PROOF OF SERVICE

    The undersigned being duly sworn upon oath deposes and states
that a copy of the foregoing was served upon the above named at the address
indicated by U.S. MAIL on the 25th of July, 2008.

                   Robert A. Warren

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION    **FILED**

ROBERT A. WARREN, #B50436,
PRO-SE            Plaintiff,

V.

CHAPLAIN  PETERSON, et al.,
                Defendants.

AUG  4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 08C 2518

The Honorable
William T. Hart
Judge Presiding.

## MOTION TO DISMISS

NOW COMES The Plaintiff, ROBERT A. WARREN, #B50436, Pro-se, and respectfully moves this honorable Court with this memorandum in support of his Federal Rule of Civil Procedure Rule 12(b)(6) motion to Dismiss, Defendant's motion to Dismiss:

## INTRODUCTION

This action is brought by Robert A. Warren, #B50436, Pro-se, (hereinafter "Plaintiff"), pursuant to 42 U.S.C. § 1983, Against Nine defendants, who are employees, and work for the State of Illinois, within the Illinois Department of Corrections, for Violating Plaintiff's Constitutional Protected rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, inside Prison walls, while he was at the Stateville Correctional Center, on a Court Writ, from the Western Illinois Correctional Center, from July 3rd 2007 to July 18th 2007. On June 29th 2007, while at the Western Illinois Corr-

1.

ectional Center a memorandum was sent to the Plaintiff in order to reiterate his previous approval for a Religious diet (Vegan) based upon Plaintiff's religious beliefs effective May 18th 2007.   On July 3rd 2007, Plaintiff was temporarily transferred to the Stateville Correctional Center on a Court writ, and was placed in the Northern Recieving and Classification Part of Stateville, (hereinafter "N.R.C. Building"). Plaintiff states in his Complaint that while at the N.R.C. Building, between July 3rd 2007, and July 9th 2007, he notified the Staff that he had a religious Vegan diet approved at Western, the Staff took a stance of delibrate Indiffrence towards the health and dietary needs of the Plaintiff, and fed Plaintiff a non-Vegan tray, at meal times, which Plaintiff could only Consume about 10 percent of each trays Contents Served, because of his religious beliefs. as a result, Plaintiff suffered Physical Injuries. Plaintiff's religious Vegan diet was denied the entire time while at the N.R.C. Building.

On July 9th 2007, Plaintiff was Moved to F-House, (inside the walls), where he notified the New Staff members that he had a religious Vegan diet approved at Western, the Staff took a stance of Delibrate Indiffrence toward the health and dietary needs of the Plaintiff, and fed Plaintiff a non-Vegan tray, at meal times, which Plaintiff could only Consume about 10 percent of each trays Contents served, because of his religious beliefs. as a result, Plaintiff went to bed and woke-up

hungry everyday and suffered Major Weight Loss, emotional and mental anguish and distress, Pain and suffering from being hungry, daily dietary Nutritional Calories deficiency and the period of 15 days without a religious diet, (Vegan).

On July 12th, 2007, Plaintiff recieved a Contract for a Vegan religious diet which he immediately filled out and sent to Chaplain Peterson.

On July 18, 2007, Plaintiff was transferred back to the Western Illinois Correctional Center without recieving his religious (Vegan) diet during the entire time while he was at the Stateville Correctional Center from July 3rd to July 18th, 2007.

On July 31st, 2007, Plaintiff sent his grievance regarding the denial of his religious, (Vegan), diet with letterhead and a I.D.O.C. memorandum dated June 29th, 2007, to the A.R.B. And he recieved a reply from Jackie Miller from the A.R.B. on February 4th, 2008, such reply did "not" address the grievance.

On May 15th, 2008, Plaintiff's Complaint was filed in this Court. On June 8th, 2008, an amended Complaint was filed and recieved by the Clerk of Court on June 13th, 2008.

On July 18th, 2008, Defendant's JACKIE MILLER, ROGER WALKER and CHAPLAIN PETERSON, by and through their attorney, LISA MADIGAN, Illinois attorney General, had filed the instant motion, MOTION TO DISMISS, under Rule 12(b)(6).

For the Purpose of Plaintiff's Motion to Dismiss, the Plaintiff will Only respond to the Defendant's Motion to dismiss, and Correct as necessary, any facts that pertain to Plaintiff's Complaint and Amended Complaint filed, Herein.

---

Plaintiff brings this Action under 42 U.S.C.A. § 1983, of the civil rights act, which provides a cause of action to redress the violation of federally secured rights by a person acting under the color of State law. BELL V. CITY OF MILWAUKEE, 746 F.2d 1205 (7th cir 1984).   To state a claim under this act, Plaintiff must allege a violation of rights secured by the Constitution, and Laws of the United States, and must show that a person acting under the color of State law committed the alleged deprivation. WEST V. ATKINS, 487 U.S. 42 (1988). The first inquiry in every § 1983 case, is Whether the Plaintiff has been deprived of a right secured by the Constitution or Laws of the United States. BAKER V. McCOLLAN, 443 U.S. 107, 140 (1979).

These elements Maybe put forth in a Short and plain Statement of the claim showing that the Pleader is entitled to relief. FED. R. CIV. P. RULE 8(a)(2). In reviewing the filed Complaints, herein, on the Defendant's motion under 12(b)(6) no more is required from Plaintiff's allegations of intent than what would satisfy RULE 8's NOTICE PLEADING mimimum and RULE 9 (b)'s requirement that

4.

motive and intent be pleaded generally. See <u>ALVRADO V. LITSCHER</u>, 267 F. 3d 648, 651 (7th cir. 2001); <u>SUBIL V. SHERIFF OF PORTER COUNTY</u>, WL 1174218*1 (2005).

Plaintiff requests punitive and compensatory damages as well as injunctive relief. Plaintiff's Complaint and amended Complaint filed state a cause of action under 42 U.S.C.A. §1983. First, his Complaint and amended Complaint does rise to the level of a Constitutional violation. Second, the Eleventh Amendment does not bar suit in the official Capacities. Third, Plaintiff has allege personal involvement. Fourth, Plaintiff does not lack to standing.

## STANDARD OF REVIEW

When analyzing Plaintiff's Claims against defendant's, WALKER, MILLER and PETERSON, The standards that apply to a motion to dismiss a Pro-se Complaint under Rule 12 (b)(6) of the Federal Rules of Civil Procedure. On a Motion to dismiss the issue is not whether the Plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence in support of his Claim. <u>SCHEUER V. RHODES</u>, 4-16 U.S. 232, 236 (1974). In resolving that issue, the Court takes all of the well-pleaded factual allgations as true and draws all reasonable inferences in the light most favorable to the Plaintiff. See e.g., <u>WILCZYNSKI V. LUM-</u>

BERMENS MUTUAL CASUALTY CO., 93 F.3d 397, 401 (7th cir. 1996). A complaint will not be dismissed on a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. A complaint need not set forth all relevant facts or recite the law. All that is required is a short and plain statement showing he is entitled to relief. FED. R. CIV. P. 8(a); DOHERTY V. CITY OF CHICAGO, 75 F.3d 318, 322 (7th cir. 1996). A plaintiff in a suit in federal court need not plead facts. Conclusions may be pleaded as long as the defendants have at least minimal notice of the claim. FED. R. CIV. P. 8 (a)(a); JACKSON V. MARION COUNTY, 66 F.3d 151, 153-54 (7th cir. 1995). and Rule 9(b)'s requirement that motive and intent be pleaded generally. See e.g. FED. R. CIV. P. 9(b); ALV-RADO V. LITSCHER, 267 F.3d 648, 651 (7th cir. 2001); SU-BIL V. SHERIFF OF PORTER COUNTY, WL 1174218*1 (2005). Furthermore, because plaintiff is a layman proceeding without the benefit of counsel, the court must construe his complaint liberally. HUGHES V. ROWE, 449 U.S. 5, 9 (1980); HOSSMAN V BLUNK, 784 F.2d 793, 797 (7th cir. 1986). It is with these standards in mind, that guides the court in deciding a pro-se complaint under a Rule 12(b)(6) motion.

## ARGUMENT

I. THE DENIAL OF A RELIGIOUS VEGAN DIET FOR TWO WEEKS DOES RISE TO THE LEVEL OF A CONSTITUTIONAL VIOLATION.

Plaintiff's Complaint alleges that he did not recieve his religious vegan diet for approximately two weeks between July 3rd and July 18th, 2007. During this time period, Plaintiff was fed non-vegan trays at meal time, and was only allowed to eat about 10 percent of each trays contents served due to his religious beliefs. Plaintiff's religious vegan diet is in relations to his religious beliefs, because, it was Approved at Western "based upon his religious beliefs". The denial of a vegan diet for two weeks does rise to the level of a constitutional violation. See, e.g., BASS v. COUGHLIN, 976 F.2d 98 (2nd Cir. 1992)("Prison officials must provide a prisoner a diet that is consistant with his religious scruples"); Also AGRAWAL V. BRILEY, No. 02C 6807, 2006 WL 3523750*17 (N.D. ILL. Dec.6,2006)(citing AGRAWAL, WL 22839813*2 (N.D. ILL. 2003); HUNAFA v. MURPHY, 907 F.2d 46,47 (7th Cir. 1990)(It is settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the first Amendment). In this case, the Plaintiff did miss his vegan religious diet. in fact, the defendant's Admit in their motion to dismiss that "he was without his vegan meal for two weeks". (Def. Pg.3).

Under the United States constitution the First Amendment guarantees that, "CONGRESS SHALL MAKE NO

LAW RESPECTING AN ESTABLISHMENT OF RELIGION, OR PROHIBITING THE FREE EXERCISE THEREOF..."

Prisoner's have Long been understood to retain some measure of the Constitutional Protection afforded by the first Amendment inside Prison waLL. PELL V. PROCUNIER, 417 U.S. 817, 822 (1974). including the free exercise of reLigion. CRUZ V. BETO, 405 U.S. 319, 322 n.2 (1972); O'LONE V. ESTATE OF SHABAZZ, 482 U.S. 342, 349 (1987).

Under the first Amendment Prisoner's "retain the right to practice their reLigion to the extent that such practice is Compatible with the Legitimate PenoLogicaL demands of the state." e.g., AL-ALAMIN V. GRAMLEY, 926 F.2d 680, 686 (7th Cir. 1991).

PLaintiff's ReLigious Vegan diet was denied for two weeks, which Constitutes a SubstantiaL burden on PLaintiff's abiLity to Practice his reLigion, PLaintiff's reLigious affiLation is AFRICAN-HEBREW ISRAELITE, which PLaintiff "ProudLy" displayed it in his grievance (Pg.2), which is attached to his Complaint as EX.B, and is referred to in his Statement of CLaim. (Paragraphs 5, 8). PLaintiff does aLLege that there was a SubstantiaL burden on his abiLity to practice his, because his diet was denied for two weeks, that in relations to his reLigious practice, because, his diet was approved at western based upon his reLigious beLiefs. BASS, 976 F.2d 98; HUNAFA, 907 F.2d at 47. Furthermore, SUBIL V. SHERIFF OF PORTER

8.

COUNTY WL 1174218 (2005) (citing 28 U.S.C. § 2000 CC at *3) the religious Land use and Institutionalized Persons Act. ("RLUIPA").

Section 2000 CC (a)(1), provides that no government shall impose a substantial burden on confined persons unless the burden:

(a) is in furtherance of a compelling governmental interest; and

(b) is the least restrictive means of furthering that compelling governmental interest.

See EX. A,B,& C Attached, into the sincerity of Plaintiff's religion. See e.g. TURNER V. SAFLEY, 482 U.S. 78 (1987); O'LONE V. ESTATE OF SHABAZZ, 482 U.S. 342,349 (1987); OVERTON V. BAZZETTA, 123 S.Ct. 2162,2167-68 (2003).

The substantial burden to Plaintiff's religious practice was that he was Denied his religious Vegan diet for two weeks, and his diet was in relations to his religious beliefs, "without in furtherance of a compelling governmental interest, and without the least restrictive means of furthering that compelling governmental interest," in violation of Plaintiff's 1st and 14th Amendments e.g.!

Additionally, the denial of a religious Vegan diet for two week does violate the 8th Amendment. Plaintiff must show objective and subjective evidence. e.g. FARMER V. BRENNAN, 511 U.S. 825, 832 (1994); WILSON V. SEITER, 111 S.Ct. 2321,2324 (1991). Cruel and unusual Punishment is Prohibited by the 8th Amendment, and applies to the states through the due process clause of the 14th amendment. ROBINSON V. CALIFORNIA, 370 U.S 660,666,82 S.Ct. 1417,1420 (1962). The objective analy-

sis focuses on the ——— defendants' acts and whether the conditions had had deprived Plaintiff of a "bacis Human need of a mature civilized society." e.g. JACKSON V. DUCKWORTH, 955 F.2d 21, 22 (7th cir. 1992); SANDVILLE V. McCAUGHTRY, 22 F.3d 724, 734 (7th cir. 2001). The subjective analysis focuses an inquiry into intent, requires to ask whether the defendants' acted wantonly and with a sufficiently culpable state of mind. WILSON, 111. S.Ct. 2326-27; ESTELLE V. GAMBLE, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976). Regarding the subjective analysis DUCKWORTH V. FRANZEN, 780 F.2d 645, 653 (7th Cir. 1985), is the law in this circuit regarding the minimum intent requirement, The defendants' must have "actual knowledge of impending harm easily preventable". Id at 653. see also, McGILL V. DUCKWORTH, 944 F.2d 344, 348-49 (7th cir. 1991)(discussing seventh circuit case law on the subjective component of eighth Amendment analysis). As stated previously, the denial of a vegan diet for two weeks does rise to the level of a constitutional violation. The defendants' Admit "he was without his vegan meal for two weeks". (Def. Pg. 3). e.g. HUNAFA V. MURPHY, 907 F.2d 46, 47 (7th cir. 1990); BASS V. COUGHLIN, 976 F.2d 98 (2nd cir. 1992); AGRAWAL V. BRILEY, NO. 02C6807, 2006 WL 3523750,* 17 (N.D. ILL. Dec. 6, 2006)(Citing AGRAWAL, WL 22839813*2(N.D. ILL. 2003). In this case, the Plaintiff was denied his vegan religious diet for two weeks. The Complaint does allege a serious deprivation, and the actions of the defendants' are indicative of their delibrate indifference. Exhibit C shows that the religious vegan diet was Approved at the

Western Illinois Correctional Center on May 18th, 2007. Roger Walker and Jackie Miller both took a stance of deliberate Indifference towards the health and dietary needs of the Plaintiff's grievance when they refused to respond in a "reasonable-time-frame." Lastly, the Complaint and Amended Complaint alleges that Chaplain Peterson took a stance of deliberate Indifference, when he was sent e-mails by Psychologist Timothy Cummings on more then one occasion advising him of Plaintiff's condition and situation, and did not respond reasonable, when the situation was obvious that chaplain need to respond in order to have a religious vegan diet for the Plaintiff. The Complaint alleges Deliberate Indifference on all named-defendants'. Therefore, defendants' motion to dismiss should be denied. e.g. <u>WILLIAMS V. SYNDER</u>, WL 2037200 (2006)

Plaintiff's Complaint and Amended Complaint does rise to the Level of a Constitutional violation.


II.  THE ELEVENTH AMENDMENT DOES NOT BAR THE OFFICIAL CAPACITY CLAIMS FOR MONEY DAMAGES, AND PLAINTIFF'S CLAIMS AGAINST DEFENDANT'S IN THEIR OFFICIAL CAPACITY WAS CLEARLY ESTABLISHED, AND ARE NOT IMMUNE FROM SUIT IN FEDERAL COURT, DUE TO POLICY.

Plaintiff is suing defendant's WALKER, MILLER and PETERSON in both their individual and official capacities, and requests both punitive and compensatory da-

mages as was as injunctive relief. Plaintiff's Claims against the defendants were Clearly Established, and are not Barred by the Eleventh Amendment's Application for Qualified Immunity.

The Supreme Court held that "government officials, (and state officials alike), performing discretionary functions, generally are shielded from Liability for civil Damages insofar their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known. e.g., HARLOW V. FITZGERALD, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed. 2d 396 (1982). In DAVIS V. SCHERER 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed. 2d 139 (1984), the Court reaffirmed the holding in HARLOW and Stated:

> "[A]n Official would not be held Liable in damages under § 1983 unless the Constitutional right he was alleged to have violated was 'clearly established' at the time of the violation."

Under the Law it can be fairly said that, the defendant's in this case, are not immune from monetary damages through the application of Qualified immunity of the Eleventh Amendment. Since the Law can be said, at the time of the alleged violation, to be clearly established. Id. In July, 2007, Plaintiff has a Constitutional Protected right to practice his religion under the first Amendment's Free exercise of religion clause. because the right to free exer-

12.

cise of one's religion has long been a clearly estab-
lished Constitutional right. e.g., PELL V. PROCUNIER,
417 U.S. 817, 822 (1974); CRUZ V. BETO, 405 U.S. 319, 322 n.
(1972); O'LONE V. ESTATE OF SHABAZZ, 482 U.S. 348-49
(1987); And AL-ALAMIN V. GRAMLEY, 926 F.2d 680, 686 (7th
Cir. 1991). (See Ex. A, B, & C Attached, into the Sincerity).

Additionally, In Order for a Plaintiff to succeed in an
official Capacity suit under § 1983, the plaintiff must all-
ege that he suffered a deprivation of a Constitutionally p
rotected interest, and that the deprivation was caused by an
official policy, custom or usage of the municipality. MO
ELL V. DEPT. OF SOCIAL SERVICES OF NEW YORK CITY,
436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed. 2d
611 (1978). "[N]ormally, the mere allegation of a single ac
of unconstitutional conduct by a municipal employee will
not support the inference that such conduct was pursuant
to official policies.   On the Other hand, where the plaintiff al
eges a pattern or a series of incidents of Unconstitutiona
conduct, then the courts have found an allegation of policy
sufficient to withstand a dismissal motion." POWE V. CITY
OF CHICAGO, 664 F.2d 639, 650 (7th cir. 1981). In this case
Plaintiff's Complaint alleges that there is no policy in pl-
ace that will automatically transfer Plaintiff's Vegan diet
to another prison, while on a Court. (Complaint pg. 7 par. 7,
and Ex. E of Complaint.)

Furthermore, Plaintiff's Complaint and Amended Complaint alleges a Pattern and series of Unconstitutional conduct by being denied his vegan religious diet while at the N.R.C. building, and f-House by two diffent sets of staff members, and Chaplain Peterson which can sufficien lly be called a Policy, Sufficient to withstand a dismissc motion. See. e.g. Id at 650.

The defendant's in this case have no Qualified Immunity Under the Eleventh Amendment's Application, because Plaintiff' rights under the 1st Amendment, to Practice his religion, the 8th Amendment, to be free from Cruel and Unusual Punishment, and the 14th Amendment, due process clause "Liberty interest." was "Clearly established" at the time of the violation, and it was sufficiently Clear that the defendants Knew or shoul have Known that what they were doing had violated Plaintiff's rights. See e.g. TUN V. WHITTICKER, 398 F.3d 899, 902 (7th cir. 2005) (Quoting HOPE V. PELZER, 536 U.S. 730, 739 (2C 02). CRUZ, 405 U.S. 322 n.2 (1972) HUNAFA, 907 F.2d at 47 (7th cir. 1990). AGRAWAL, No. 02c 6807, 2006 WL 3523750 *17 (N.D. ILL. Dec. 6th 2006) BASS, 976 F.2d 98 (2nd cir. 1992) and ROBINSON, 370 U.S. at 666, 82 S.ct. 1417, 1420 (1962); SANDIN V. CONNER, 515 U.S. 472 (1995). Because Defendant's mus Provide Plaintiff with his vegan diet, which is Consistant with his religious scruples. BASS, 976 F.2d 98 (2nd cir. 1992) whic "Plaintiff was without his vegan meal for two weeks" (Def. pg. 3). e.g. SALLENGER V. OAKES, 473 F.3d 731 (C.A.7 (ILL) (2007). MANNOIA V. FARROW, 476 F.3d 453 (C.A.7 ILL.200

Under 42 U.S.C.A. § 1997 e(e) (P.L.R.A.) it states that:

"No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Plaintiff's Complaint and Amended Complaint clearly alleges that he had suffered a physical injury actually caused by cruel and unusual punishment in violation of the Eighth Amendment by being denied of sufficient food to maintain his normal health. e:g. FRENCH V. OWENS, 777 F. 2d 1250, 1255 (7th cir. 1985) cert. denied 479 U.S. 817 (1986). FARMER V. BRENNAN, 511 U.S. 825, 832 (1994) (prison offic ials have the duty to "provide humane conditions of confinement" for prisoners. this duty includes the obligation to "ensure that inmates recieve adequate food". See e.g. OLIVER V. DEEN, 77 F.3d 156, 159 (7th cir. 1996). Plaintiff, in this case, did not recieve adequate food to maintain normal health, as a result, Plaintiff had lost exceesive weight. Therefore The Prisoner Litigation Reform Act, (P.L.R.A.), does not apply to the Plaintiff's monetary relief requested in the defend ant's official capacities under the Eleventh Amendment's application for Qualified Inmunity. Also, Defendant's are not shielded by Qualified Immunity for their actions in denying Plaintiff's request for a religious diet. AGRA- WAL V. BRILEY, WL 22839813 *2-3 (N.D. ILL. 2003). Plaintiff's complaint and Amended Complaint states a claim. the

defendant's motion to dismiss Plaintiff's Complaint
and Amended Complaint must be DENIED.

III    PLAINTIFF'S COMPLAINT AND AMENDED COMP-
       LAINT PLEADS SUFFICIENT PERSONAL INVOL-
       VEMENT TO HOLD DEFENDANTS LIABLE FOR ANY
       ALLEGED CONSTITUTIONAL VIOLATIONS.

       Plaintiff's Complaint and Amended Complaint does
allege Personal involvement to hold defendants MILLER
WALKER and PETERSON Liable.

       Walker and Miller knew or should have known that the
Plaintiff's constitutional rights were being violated
when Plaintiff sent his grievance he wrote to them for a
a review, but they failed to take Appropriate action and
respond to his grievance. they both took a stance of del-
iberate Indifference towards the health and dietary needs
of the Plaintiff when they refused to respond in a reason-
able time frame as outlined in 20 ILL. ADm. Code Ch.1 § 50<
B50.,(f), as required. WILLIAMS V. SNYDER, WL 203720C
(5.D. ILL.2006) WILLIAMS, 150 Fed. Appx 549,552 (2005).
(Stated an Actionable Claim by alleging that he informed the Ad-
ministrators of the violations of his rights and that they failed to
take Appropriate actions). JOHNSON V. PHELAN, WL 388827 *
3 (N.D. ILL.1993)( An official Satisfies the Personal involvement
requirement of Sec. §1983 if they acts or fails to act with delib-
erate or reckless disregard of Plaintiff's Constitutional rights
or if the Conduct causing the Constitutional deprivation occur

16.

at their direction or with their knowledge and consent.) An official will satisfy the personal-involvement requirement of § 1983 if he deliberately disregards the Plaintiff's Constitutional rights. e.g. FILLMORE V. PAGE, 358 F.3d 496, 506 (7th cir. 2004), REED V. McBRIDE, 178 F.3d 849, 854 (7th cir. 1999) (Quotino VANCE V. PETERS, 97 F.3d 987, 993 (7th cir. 1996) (And we have specifically held that " '[A] prison official's knowledge of prison conditions learned from an inmate's communication can... require the officer to exercise his authority and to take the needed action to investigate and if necessary to rectify the offending condition'. ")

In this case WALKER and MILLER satisfy the personal-involvement requirement since Plaintiff wrote his grievance regarding his denial of a religious Vegan diet while at Stateville, and had mailed such with letterhead and memorandum to the Administrative Review Board. (see Complaint Ex. A,B,C & G Plaintiff wrote a follow-up letter to know the "status" of his grievance. (See Complaint Ex. D & G) this fell on deaf ears. Plaintiff wrote a letter on January 31st 2008, to the A.R.B. advising that their 6 months to respond to his grievance has "expired" Pursuant to 20 ILL. ADM. code 504. 850 (f). (See Complaint Ex. H & P). Defendants WALKER and MILLER have failed to take Appropriate actions to respond to Plaintiffs grievance in the time-frame Outlined in 504. 850 (f), to rectif Plaintiffs offending condition and Constitutional rights. FILLMORE, 358 F.3d at 506; REED V. MC BRIDE, 178 F.3d at 8-54; WILLIAMS, 150 Fed. Appx. at 552 (2005).

17.

Defendant PETERSON satisfy the personal-involvement requirement in Plaintiff's Amended Complaint because he did not take appropriate actions to respond to E-mails that was sent to, advising of Plaintiff's Condition and situation by Psychologist, Timothy Cummings, on more then one occasion. e.g. WILLIAMS, 150 Fed. Appx. at 552 (2005). the defendant PETERSON failed to take Appropriate actions to respond to the E-mails sent to him and to rectify Plaintiff's offending Condition and Constitutional rights. FILLMORE, 358 F.3d at 506; REED, 178 F.3d at 854; WILLIAMS, 150 Fed. Appx. at 552.

In this case, the circumstances suggest that the defendant's WALKER, MILLER and PETERSON, being sued had been exposed to information concerning the Plaintiff's situation, and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant's had actual knowledge to be held Liable for any Alleged Constitutional violations. FARMER, 511 U.S. 842-43 (1994. Defendant's WALKER, MILLER and PETERSON are responsible for keeping them selfs "sensitive and alert to the protections afforded prisoners by developing Judicial scrutiny of prison conditions and practices". KNELL V. BENSINGER, 552 F.2d 720, 725 (7th cir. 1975).

Plaintiff's Complaint and Amended Complaint raises sufficient Personal-involvement against the defendants WALKER, MILLER and PETERSON to hold them Liable.

18.

Therefore, The defendant's motion to dismiss Plaintiff's complaint and Amended Complaint must be DENIED.

IV.   PLAINTIFF'S COMPLAINT HAS ALLEGED FACTS SUFFICIENT TO STATE A CLAIM FOR INJUNCTIVE RELIEF.

Plaintiff has already sustained Physical injury as a result of Policy and unconstitutional Conduct in this action, and since there is no Policy in Place that would automatic transfer Plaintiff's dietary needs from one prison to another, Plaintiff would still be injuried and the Threat of being deprived of his rights are both real and immediate. e.g. CITY OF LOS ANGELES V. LYONS 461 U.S. 95 105-106 (1983). even though Plaintiff is no Longer at stateville, this case should not be dismiss ed as MOOT because it is "CAPABLE OF REPETITION". because there is no Policy in Place to Prevent violating Plaintiff's rights. (see Complaint, Ex. E) and the Condit-ion is Likely to recur. and cause Plaintiff future harm. DUPUY V. SAMUELS, 465 F.3d 757 (C.A.7 ILL. 2006) Quoting DESHAWN E. v. SAFIR, 156 F.3d 340, 345 (2nd cir. 1998) (found standing for injunctive relief) AS WELL AS THOMAS V. CO. O LOS ANGELES, 978 F.2d 504 (9th cir. 1993) (found standing for Preliminary injunctive relief) And as noted in NATIONAL CONGRESS FOR PUERTO RICAN RIGHTS V. CITY OF NEW Y ORK, 75 F.supp. 2d 154 (S.D.N.Y. 1999) ("courts have not been

hesitant to grant standing to sue for injunctive relief where numerous constitutional violations have resulted from a policy of unconstitutional practices by law enforcement officers." (citing ALLEE V. MEDRANO, 416 U.S. 802 815 (1974)· THOMAS, 978 F.2d at 508.(the same as here).

The Complaint does not state that the alleged injury ended a year ago on July 18th, 2007. On the contrary, in Illinois There is a One-year Statue of Limitation to bring a injury claim pursuant to The Illinois Tort Immunity Act. 745 ILCS 10/8-101 which begain on July 18th, 2007 and ended on July 18th, 2008. (Statue of Limitation to bring an injury claim, not when injury ended). The Complaint does suggest the plaintiff is in real and immediate danger of his rights being violated, because There is no policy in place to transfer Plaintiff's diet Vegan automaticlly. (see. e.g, Complaint EX. E and pg. 7, par. 7).

# CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff's complaint and amended Complaint state a claim, a cause of action. Defendant's motion fails as a matter of law and facts. Defendant's motion to Dismiss should be DENIED, in its entirety.

Respectfully submitted,

Robert A. Warren
#B50436   PRO-SE
Pontiac Corr. Ctr.
P.O. Box 99
Pontiac, Illinois 61764

20.

# APPENDIX
## (List of Exhibits)

EX. A    Department of Corrections Change of Religious Affiliation Request. December 20th, 2004. 1pg.

EX. B    Department of Corrections Memorandum Requesting, Hebrew religious Vegan Diet, January 4th, 2005. 1pg.

EX. C    Affidavit by Robert A. Warren, #B50436, in relation to the Sincerity of his religion, AFRICAN-HEBREW ISRAELITE. 3pg's.

# DEPARTMENT OF CORRECTIONS

## PONTIAC CORRECTIONAL CENTER

### REQUEST FOR CHANGE OF COMMITTED PERSON'S RELIGIOUS AFFILIATION

I, _Warren, Robert_ #_B50436_ (please print)
   Name                        Number

request to change my religious affiliation on the Offender Tracking System pursuant to

Department Rule 425.30 (h) from

_Hebrew Israelite_ (name of religion)

to _African Hebrew Israelite_ (name of religion)

I have signed this form voluntarily and without coercion.

Signature: _Robert Warren_    Date: _12/13/04_

### Please forward to the Chaplaincy Department

---

FOR DEPARTMENT USE ONLY!

_✓_ Approved – Religion changed effective _12/20/04_
                                              Date

_____ Disapproved, specify reason pursuant to Rule 425.30 (h)

---

---

_____ Forward to Religious Practice Board for review: committed person is requesting
a religious affiliation not currently contained in the O.T.S. table.

_Rev. Eldon Kennell_    _12/20/04_
Name                                     Date

xc:    Master File (original)
       Offender
       Chaplaincy Department

*Printed on recycled paper*    PON 8178  (eff. 10-02

EX. A

Pg. 1 of 1



**Illinois**
**Department of**
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

## M E M O R A N D U M

DATE:       January 4, 2005

TO:         Robert Warren, B-50436, N-637

FROM:       Rev. Eldon Kennell, Chaplain 1      *R. Kennell*

SUBJECT:    Recent Correspondence


AA/W Programs Michael P. Melvin asked that I respond to your correspondence to him concerning your request for a "vegan" diet.

I submit names for the special diet to AA/W Programs Michael P. Melvin for his approval on Friday of every week. If and when he approves it, you will start receiving your vegan diet the day following his approval. Your name will be submitted along with a number of others on Friday January 07,2005. He will probably get it Monday January 10, 2005 and if he approves it, you should get the diet tray the following day.




xc:    Michael P. Melvin, AA/W Programs
       Chron. File




EX. B

STATE OF ILLINOIS
COUNTY OF LIVINGSTON      SS.

✱

B50436 WARREN N 728
*VEGAN DIET*
NO EXPIRATION

# AFFIDAVIT

   Now Comes Robert A. Warren,#B50436, the Plaintiff, Pro-se, brings this affidavit in relation to Plaintiff's sincerity towards his religion, "AFRICAN-HEBREW ISRAELITE", and the dietary requirements of his religious, VEGAN DIET, and authority towards his beliefs, and, States as follows under Penalty of Perjury Pursuant to 735 ILCS 5/1-109 of the code of Civil Procedure, and declares the following true:

   The Plaintiff in this case, is Presently on a religious vegan diet,✱(see sticker), at the Pontiac Correctional Center, where he was Presently on the same at the Western Illinois Correctional Center Prior to his Court-writ to the Stateville Correctional Center (N.R.C./F-House) from July 3rd to the 18th, 2007.

   The Authority governing Plaintiff's religious beliefs and dietary requirements is Genesis Chapter 1, verse 29, which states:

29. And "God said, Behold, I have given you every herb bearing seed, which is upon the face of all the earth, and every tree in the which is the fruit of a tree yielding seed; to you it shall be for meat."

   Which is Abraham's Law, within the First book of moses.

EX. C                              Pg. 1 of 3

Plaintiff has complied and <u>will always comply</u> with the dietary requirements and restrictions of his religion- AFRICAN- HEBREW ISRAELITE - and will <u>NEVER</u> go and step outside it protective bounds. Just as Plaintiff complied with the dietary requirements and restrictions by not consuming any animal or animal by-products, which his religion strikly prohibits. While he was at the stateville correctional center - N.R.C. building, and F-House - from July 3rd, to the 18th, 2007, while on a court writ.

Signed on this __29th__ day of __July__, 2008.

Robert A. Warren
#B50436
Pontiac Corr. Ctr.
P.O. Box 99
Pontiac, Illinois
61764

(Attachments):

Commissary List of Items Approved for Vegan & Lacto-ovo diets, (Western Illinois Correctional Center).

Ex.C

**Commissary Items approved for**
**Vegan & Lacto-Ovo diets**

Ramen Noodles-spicy vegetable flavor
Ramen Noodles-Chili flavor
Uncle Ray Regular Chips
Uncle Ray BBQ Chips
Uncle Ray Tortilla Chips
Uncle Ray Nacho Chips
Uncle Ray BBQ Corn Chips
Little Debbie Marshmellow Treats
Vista Supreme Snack Crackers
Uncle Al's Peanut Butter Cremes
Tortillas
Peanut Butter
Mixed Nuts
Roasted Peanuts
Chili Rice
Plain Rice
Refried Beans w/jalapenos & G. Chilis
Instant rice and beans
Merco Toaster pastry
Cherry pie
Apple pie
Jolly ranchers
Sugar-Free Candy
Jelly
Soda
Coffee
Tea
Sugar Twin

**Additional Commissary Items**
**approved for Lacto-Ovo diets only**

Uncle Al's Chocolate Chip Cookies
Little Debbie Snack Cakes
Oatmeal variety packs
Crunch & Munch
Saltine Crackers
All Candy
Spanish Rice
Little Debbie Chocolate Chip Granola

**Based upon product inventory 4/4/06



B50436 WARREN  N 728
*VEGAN DIET*
NO EXPIRATION

E X. C