**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT A. WARREN B50436, | ) | |
| | ) | |
| Plaintiff, | ) | No.08 C 2518 |
| | ) | |
| v. | ) | Honorable William T. Hart |
| | ) | Judge Presiding |
| CHAPLAIN PETERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

NOW COME the Defendants, JACKIE MILLER, ROGER WALKER, and CHAPLAIN PETERSON, by and through their attorney, LISA MADIGAN, Illinois Attorney General, and submit the following memorandum in support of their Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss:

**ARGUMENT**

First and foremost, the Plaintiff did not seek leave of court to file in excess of the requirement of 15 pages. Plaintiff's response should be stricken in that it is twenty pages plus exhibits. LR 7.1

**I.   THE DENIAL OF A RELIGIOUS VEGAN DIET FOR TWO WEEKS DOES NOT RISE TO THE LEVEL OF A CONSTITUTIONAL VIOLATION.**

Plaintiff alleges that he did not receive his religious vegan diet for approximately two weeks between July 3, 2007 and July 18, 2007. However, Plaintiff acknowledges that during that time he was given meals and was able to eat some of the items that were on his plate. The denial of a vegan diet for two weeks does not rise to the level of a constitutional violation. Previous

1

courts have found that an occasional missed meal does not rise to the level of a constitutional violation. See, e.g., Knox v. Wainscott, No. 03C1429, 2003 WL 21148973, at *8 (N.D. Ill. May 14, 2003). In this case, the Plaintiff did not miss any meals because he was able to eat even though he was without his vegan meal for two weeks.

In Plaintiff's response he cites three cases for the proposition that missing his religious diet for two weeks is a constitutional violation. However, those cases deal with time periods that are most likely longer than the one in question in this case. In Agrawal, the Plaintiff was without his religious meal for over a year. Agrawal v. Briley, No. 02-C-6807, 2003 WL 164225, (N.D. Ill. Jan. 22, 2003). In Hunafa, and Bass, there is no discussion of the length of time they did not receive religious diets. Hunafa v. Murphy, 907 F.2d 46 (7th Cir. 1990); Bass v. Coughlin, 976 F.2d 98 (2nd Cir. 1992). However, in neither of those cases was there even a religious diet approval on record. On the contrary, in this case, the Plaintiff's diet was approved shortly before he was transferred to Stateville and he was only without it for two weeks.

Two weeks without a religious vegan diet does not constitute a substantial burden on Plaintiff's ability to practice his religion. The Plaintiff acknowledges that he was able to eat even though he alleges he did not receiving his religious diet.

Additionally, the denial of a religious vegan diet for two weeks does not violate the Eighth amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. Wilson v. Seiter, 501 U.S. 294, 296-297 (1991). It was drafted in order to prohibit "torture" and other "barbarous" methods of punishment. Estelle v. Gamble, 429 U.S. 97, 102 (1976). It is the "unnecessary and wanton infliction of pain," which implicates the Eighth Amendment. Wilson, 501 U.S. at 297 citing Estelle v. Gamble, 429 U.S. 97, 104 (1976). The

Supreme Court has held that in addition to the "unnecessary and wanton infliction of pain," there must also be a showing of deliberate indifference by the accused in order to sustain an Eighth Amendment challenge. Wilson, 501 U.S. at 303. These two requirements are the objective component (was the deprivation sufficiently serious) and the subjective component (did the officials act with a sufficiently culpable state of mind). Id. at 298. As stated previously, the occasional missed meal does not rise to the level of a constitutional violation. See, e.g., Knox v. Wainscott, No. 03C1429, 2003 WL 21148973, at *8 (N.D. Ill. May 14, 2003). In this case, the Plaintiff was able to eat even though he was without his vegan meal for two weeks. The complaint does not allege a serious deprivation.

      The actions of the Defendants are not indicative of their deliberate indifference. Exhibit C shows that the religious vegan diet was approved at Western Illinois Correctional Center, just three days prior to Plaintiff's transfer to Stateville. Furthermore, the complaint alleges that both Roger Walker and Jackie Miller found out about the alleged violation after it occurred so certainly there was no deliberate indifference on the part of Defendant Miller or Defendant Walker. Lastly, the complaint alleges that the Plaintiff sent a vegan contract to Chaplain Peterson only six days prior to the end of the alleged constitutional violation. In Plaintiff's response he directs the Court's attention to exhibits A,B,C, & G as evidence that Defendants Miller and Walker were familiar with his situation during the time in question. Exhibit A is a letter to the Administrative Board dated July 31, 2007, Exhibit B is a grievance dated July 31, 2007, Exhibit C is a letter written to the Plaintiff by Larry Phillips, none of the Defendants is listed as receiving a copy of this letter, Lastly Exhibit G is a log with dates of incoming and outgoing mail, the log shows that the Plaintiff sent letters to the ARB beginning in January of

2008. All of Plaintiff's exhibits point to time periods after the alleged deprivation occurred. As such Plaintiff fails to show deliberate indifference on the part of any of the named Defendants and his complaint must be dismissed with prejudice.

**II.     THE ELEVENTH AMENDMENT BARS ALL OFFICIAL CAPACITY CLAIMS FOR MONEY DAMAGES AND PLAINTIFF'S CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES IS AKIN TO A SUIT AGAINST THE STATE; AN UNCONSENTING STATE IS IMMUNE FROM SUIT IN FEDERAL COURT.**

The law is clear, Plaintiff cannot sue the Defendants in their official capacities for monetary damages. Plaintiff's claims against the Defendants are barred by the Eleventh Amendment, therefore Plaintiff's Amended Complaint must be dismissed. A suit against a Defendant acting in her official capacity is effectively a suit against the state itself. Brandon v. Holt, 469 U.S. 464, 471-472 (1985). A state is not a "person" subject to suit under 42 U.S.C. § 1983. Arizonians for Official English v. Arizona, 520 U.S. 43, 68-69 (1996). Additionally, the Eleventh Amendment generally bars suits in federal court against state officials in their official capacities when the state is the real party in interest. Sonnleitner v. York, 304 F.3d 704, 717 (7th Cir. 2002). "When the action is in essence one for recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Edelman v. Jordan, 415 U.S. 651, 663 (1974). The United States Supreme Court has unequivocally held that an unconsenting state cannot be sued in federal court. Pennhurst v. Haldeman, 465 U.S. 89, 100-101 (1984). Pennhurst, 465 U.S. at 100.

Here, the relief sought from the Defendants is monetary, as Plaintiff requests both punitive and compensatory damages. Therefore this case does not fall under the injunctive relief exception.

4

Because Plaintiff sues the Defendants in their official capacities and seeks monetary damages, Plaintiff's official capacity claims are barred by the Eleventh Amendment. Consequently, Plaintiff's Amended Complaint must be dismissed with prejudice as to all Defendants in their official capacities. Furthermore under the Prisoner Litigation Reform Act, since Plaintiff has suffered no physical injury, his recovery is limited to nominal damages. Koger v. Bryan, 523 F.3d 789, 805 (7th Cir. 2008)(J. Evans, concurring).

### III. PLAINTIFF FAILS TO PLEAD SUFFICIENT PERSONAL INVOLVEMENT TO HOLD DEFENDANTS LIABLE FOR ANY ALLEGED CONSTITUTIONAL VIOLATIONS.

An individual cannot be held liable under 42 U.S.C sec.1983 unless he or she is personally responsible for an alleged constitutional deprivation. Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981). The complaint must sufficiently allege the Defendant's personal involvement in order to state a constitutional claim. Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1983). "The Constitution does not make public employees strictly, let alone vicariously, liable for injuries that befall their charges." Pacelli v. DeVito, 972 F.2d 871, 875 (7th Cir. 1992). The employees must know about the problem and intend that it continue. Id. at 875

As stated previously, plaintiff's allegations against Defendants Walker, Peterson and Miller do not allege their personal involvement. The Defendants are being sued in their official and individual capacities. Roger Walker is the Director of the Illinois Department of Corrections, Jackie Miller is Chairperson of the Office of Inmate Issues and Chaplain Peterson is the chaplain at Stateville Correctional Center. At no point in the complaint or the response does the Plaintiff allege that any of these Defendants had any direct involvement in the denial of his religious vegan diet.

The complaint alleges a deprivation of the Plaintiff's rights for a two week period between July 3, 2007 and July 18, 2007. Plaintiff's only allegation regarding Jackie Miller is that he received a letter from Jackie Miller regarding his grievance on February 4, 2008, approximately seven months after the alleged denial of Plaintiff's religious diet. At no time does Plaintiff allege that Defendant Miller was familiar with Plaintiff's situation between July 3, 2007 and July 18, 2007.
In fact, Plaintiff did not submit a grievance until after July 18, 2007. (See Complaint ¶ 5). Likewise, Plaintiff never alleges that Roger Walker knew about the claimed constitutional violation, and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye. . . ." Gentry, 65 F.3d at 561. In fact, Plaintiff does not mention Roger Walker until paragraph nine of his complaint which details events which occurred in 2008. He does not claim that Roger Walker was informed of his situation between July 3, 2007 and July 18, 2007.

In Plaintiff's response he directs the Court's attention to exhibits A,B,C, & G as evidence that Defendants Miller and Walker were familiar with his situation during the time in question. Exhibit A is a letter to the Administrative Board dated July 31, 2007, Exhibit B is a grievance dated July 31, 2007, Exhibit C is a letter written to the Plaintiff by Larry Phillips, none of the Defendants is listed as receiving a copy of this letter, Lastly Exhibit G is a log with dates of incoming and outgoing mail, the log shows that the Plaintiff sent letters to the ARB beginning in January of 2008. All of these exhibits are further indication that Defendants Miller and Walker were not personally involved in the alleged deprivation of Plaintiff's constitutional rights.

Plaintiff states in response that Chaplain Peterson is personally involved because he did not take appropriate actions to respond to emails that were sent by Psychologist Timothy Cummings. Peterson received emails from a third party and that he failed to respond in a "reasonable" amount

of time but does not state when those emails were sent and if he knows that Chaplain Peterson received any such emails. Given the Supreme Court's recent ruling in <u>Bell Atlantic Corp. v. Twombly</u>, Plaintiff's bare allegations ask the court to draw too many conclusions and leaves Plaintiff's claims against Defendants too speculative. <u>Bell Atlantic</u>, 127 S. Ct. 1955 (2005)

Plaintiff's complaint must be dismissed because Plaintiff's allegations fail to allege sufficient personal involvement.

## IV. PLAINTIFF'S FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR INJUNCTIVE RELIEF.

If the Plaintiff's requests for monetary relief are dismissed, the Plaintiff does not have standing to request injunctive relief. To have standing to assert a claim for declaratory or injunctive relief, a plaintiff "must show that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury must be both "real and immediate" not "conjectural" or "hypothetical." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983). Once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot. <u>Brown v. Bartholomew Consolidated School Corp.</u>, 442 F.3d 588,596 (7th Cir. 2006). There must be a live controversy which exists at all states of review not simply on the date the case was initiated. <u>Id.</u> In <u>Agrawal v. Briley</u>, No.02-C- 6807, 2003 WL 164225, at *4 (N.D. Ill. Jan. 22, 2003), in addressing a similar set of facts, the Court dismissed Plaintiff's claim for injunctive relief. The Court stated, "the bare possibility that the warden of another IDOC institution will refuse to accommodate Plaintiff's religious dietary restrictions is . . .speculative. . . ." <u>Agrawal v. Briley</u>, No.02-C- 6807, 2003 WL 164225, at *4 (N.D. Ill. Jan. 22, 2003).

Plaintiff has been transferred to another prison, he is no longer as Stateville. Plaintiff's transfer to another prisoner effectively renders a request for injunctive relief against officials at Stateville moot. <u>Higgason v. Farley</u>, 83 F.3d 807,811 (7th Cir. 1995). As stated previously, Plaintiff makes no claim that he is not receiving his religious diet at Pontiac, his current institution. Plaintiff's complaint and response simply fail to allege how the Plaintiff is in immediate danger of sustaining some direct injury. There is nothing in the complaint to suggest the Plaintiff is in any real and or immediate danger.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff's Complaint fails as a matter of law. Defendants respectfully request that the complaint be dismissed, in its entirety, with prejudice.

LISA MADIGAN  
Attorney General of Illinois

Respectfully submitted,

By:  s/Camile Lindsay  
CAMILE J. LINDSAY  
Assistant Attorney General  
Office of the Attorney General  
100 W. Randolph Str., 13th Floor  
Chicago, Illinois  60601  
(312) 814-4329