IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION.

| | |
|---|---|
| ROBERT A. WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 2518 |
| | ) |
| CHAPLAIN PETERSON, ROGER E. | ) |
| WALKER, JR., JOHN DOE #1, | ) |
| JOHN DOE #2, JANE DOES #1-3, | ) |
| and JACKIE MILLER, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Pro se plaintiff Robert Warren, who is in the custody of
the Illinois Department of Corrections ("IDOC"), complains that
he was served standard meals instead of his religious vegan meal
during a two-week period when he was held at the Stateville
Correctional Center on a court writ. Plaintiff contends this
both violates his First Amendment right to practice his religion
and constitutes cruel and unusual punishment in violation of the
Eighth Amendment. Named as defendants in their individual and
official capacities are IDOC Director Roger Walker, IDOC
Chairperson of the Office of Inmate Issues Jackie Miller, and
Stateville Chaplain Charles Peterson. Defendants have moved to
dismiss all the claims made against them. Prior to the filing of

the motion to dismiss, plaintiff filed two motions to amend his Complaint. One seeks to add Peterson's first name and the other seeks to add two paragraphs of allegations regarding Peterson's participation. Those amendments will be granted and the motion to dismiss is considered as regards the Complaint with the amended additions. Defendants addressed the additional allegations in their motion to dismiss.

The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Estate of Sims v. County of Bureau, 506 F.3d 509, 514 (7th Cir. 2007). Plaintiff need only plead facts sufficient to raise a right to relief above the speculative level, providing fair notice and an appearance of plausibility. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1973-74 & n.14 (2007); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Sims, 506 F.3d at 514; St. John's United Church of Christ v. City Chicago, 502 F.3d 616, 625 (7th Cir. 2007), cert. denied, 128 S. Ct. 2431 (2008); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007). A complaint should be dismissed if "the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." St. John's, 502 F.3d at 625 (quoting Airborne, 499 F.3d at 667). When a case is more complex than the

average case and discovery is likely to be more costly than the average case, more factual detail may be necessary to establish the plausibility of the claims requiring the additional burden. See Limestone Dev. Corp. v. Village of Lemont, Ill., 520 F.3d 797, 803 (7th Cir. 2008). Still, absent the applicability of Fed. R. Civ. P. 9(b), heightened fact pleading of specifics is not required. Id. (quoting Twombly, 127 S. Ct. at 1964, 1974).

The well-pleaded allegations of the complaint must be taken as true and all reasonable inferences drawn in plaintiff's favor. Twombly, 127 S. Ct. at 1965; Erickson, 127 S. Ct. at 2200; Sims, 506 F.3d at 512; Caldwell v. Jones, 513 F. Supp. 2d 1000, 1003 (N.D. Ind. 2007). Additionally, since Warren is proceeding pro se, his allegations must "be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Still "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 127 S. Ct. at 1965. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969; Caldwell, 513 F. Supp. 2d at 1003. As long as consistent with the allegations of his Complaint, plaintiff may assert additional facts in his response to the

motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Bass v. Dart, 2007 WL 3374584 *1 (N.D. Ill. Nov. 8, 2007); Gershengorin v. Vienna Beef, Ltd., 2007 WL 2840476 *3 (N.D. Ill. Sept. 28, 2007).

Additionally, under federal pleading rules, plaintiff is not limited to nor bound by the legal characterizations of his claims contained in the Complaint. A claim can survive as long as the facts alleged would support relief.[1] Forseth, 199 F.3d at 368; Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999); LaRoe v. Cassens & Sons, Inc., 472 F. Supp. 2d 1041, 1047 (S.D. Ill. 2006).

Here, plaintiff alleges a relatively discrete set of facts. This is not a complex set of allegations requiring substantial detail to establish plausibility or place defendants on notice of the claims made against them. Effective May 18, 2007, while incarcerated at the Western Illinois Correctional Center, plaintiff was granted approval for a religious vegan diet based on being an African Hebrew Israelite. He attaches to his

---

[1] In the Complaint, no reference is made to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. However, defendants cite it in their briefs and plaintiff makes passing reference to it in his brief. Since the First Amendment claim against Peterson otherwise survives, it is unnecessary to presently address the RLUIPA. Counsel is being appointed and an opportunity will be provided to file an amended complaint. Plaintiff, with the advice of counsel, can decide whether to include an RLUIPA claim in the amended complaint.

Complaint, a June 29, 2007 memorandum confirming this approval.[2] On July 3, 2007, plaintiff was transferred to Stateville where he remained until July 18, approximately two weeks. While at Stateville, plaintiff received no vegan meals, only the standard fare. During the entire time, he ate the vegan items that came with each meal, but that was limited to approximately 10% of the meal. Plaintiff lost substantial weight during these two weeks and was always hungry. He alleges that this caused him to suffer emotional and mental anguish and distress, as well as pain. Plaintiff is now incarcerated at the Pontiac Correctional Center. There is no allegation that he is currently being denied a vegan diet.

Plaintiff contends that his denial of vegan meals while at Stateville was, at least in part, the result of IDOC failing to have a procedure for religious meal orders automatically following an inmate when the inmate is transferred based on a court writ. As stated in a December 20, 2007 memorandum from the Western Illinois Chaplain, the IDOC practice is that the inmate "must inform either the Chaplain or the Dietary Manager (or both) at the facility where [temporarily] assigned that [the inmate is]

---

[2]Defendants imply that plaintiff had only been on a vegan diet for a few days prior to the transfer to Stateville. The June 29 memorandum, however, is expressly stated to be a confirmation of a prior approval. Also, plaintiff attaches a 2005 memorandum to his answer to the motion to dismiss. That memorandum indicates that a vegan diet while at Pontiac was likely to be approved effective January 10, 2005.

on a special religious diet and they will assign [the inmate] to it at their convenience because [the inmate is] receiving it" at the inmate's regular facility. Based on plaintiff's allegations, it must be accepted that this was the official policy of IDOC as of July 2007 and continues to be the current policy.

Plaintiff alleges that, on July 12, 2007, he received a form for a vegan religious meal and mailed it to defendant Peterson that same day, via the prison mail system. Peterson points out that plaintiff does not specifically allege when Peterson received the form, but, contrary to defendants' contention, Twombly and Erickson do not require such specificity in pleading plaintiff's claim. Cf. Kimble v. Wisconsin Dep't of Workforce Dev., 2008 WL 916964 *1 (E.D. Wis. April 2, 2008). It is reasonable to infer from the facts alleged that Peterson received the form by Friday, July 13. Plaintiff also alleges that he met with a psychologist in the health unit and showed him the June 29 memorandum showing he was to have a religious diet. The psychologist observed plaintiff's weight loss and distress and e-mailed Peterson "on more than one occasion" advising Peterson of plaintiff's condition and situation, but received no response from Peterson. Again, Peterson points out that plaintiff does not expressly allege the dates of the e-mails nor whether Peterson received them. The reasonable inference favoring plaintiff, however, is that Peterson received the

e-mails. Also, plaintiff attaches to the Complaint copies of outpatient progress notes supporting that he met with a psychologist or psychiatrist.[3] Notes from July 5, 6, and 9 specifically refer to the vegan diet issue.[4] A July 9 note specifically refers to the medical person making an inquiry of other prison personnel regarding plaintiff's diet. Consistent with plaintiff's allegations and the attached exhibits, it must be taken as true that between July 5 and July 13, Peterson was contacted three or more times regarding plaintiff's diet, was told of the prior approval, and was aware of plaintiff's weight loss and suffering. Plaintiff alleges that Peterson's failure to take any action in response to the information provided was unreasonable and deliberately indifferent to plaintiff's condition and religious rights.

As to Miller, plaintiff alleges that he submitted to her a grievance regarding his failure to receive a vegan diet at Stateville. It is expressly alleged that the grievance is dated July 31, 2007 and was mailed the next day. Plaintiff alleges

---

[3]It is unclear if the notes are made by a psychologist or are stating the psychological observations of another medical professional. For present purposes, the distinction does not matter. The important facts are when and what information was conveyed to Peterson, not the precise identity of the messenger.

[4]There are also notes from July 7 and 8, but no legible and understandable note refers to his diet. However, it is reasonably inferred that the diet issue would also have been discussed on those days.

- 7 -

that Miller failed to act on the grievance and that this makes her responsible for his failure to receive vegan meals while at Stateville.

Defendants contend there is no violation of the First Amendment or Eighth Amendment because the denial of vegan meals lasted only two weeks and plaintiff had food to eat, including some vegan food. They also contend that none of them was personally responsible for any violation that may be adequately alleged.

Under the Eighth Amendment, an inmate has no right to meals of the inmate's choosing, only a right to sufficiently nutritious food that is not contaminated or otherwise immediately dangerous to the inmate's health. French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir. 1980)); Magi v. Thompson, 2000 WL 34230096 *5 (W.D. Wis. Aug. 9, 2000). Plaintiff does not contend that the meals that were provided were insufficiently nutritious, only that the parts he was willing to eat were insufficient. Therefore, plaintiff has no Eighth Amendment claim, only a possible First Amendment free exercise claim. LaFevers v. Saffle, 936 F.2d 1117, 1120 (10th Cir. 1991); Campbell v. Cornell Corr. of R.I., Inc., 564 F. Supp. 2d 99, 102-03 (D.R.I. 2008); Magi, 2000 WL 34230096 at *5; Dillard v. Washington, 1997 WL

305312 *4-5 (N.D. Ill. May 29, 1997). The Eighth Amendment claim will be dismissed in its entirety.

Defendants do not dispute that special diets mandated by an inmate's religious beliefs are a religious practice that is protected by the First Amendment's free exercise clause. Hunafa v. Murphy, 907 F.2d 46, 47 (7th Cir. 1990); Nelson v. Miller, 2008 WL 904735 *6 (S.D. Ill. March 31, 2008); Agrawal v. Briley, 2003 WL 164225 *2 (N.D. Ill. Jan. 22, 2003). As long as the inmate has a sincere religious belief in the pertinent religious activity, whether a practice affecting an inmate's exercise of religion is permissible will depend on the institution's justification, the administrative burdens placed on the institution, and the extent of the burden placed on the inmate's exercise of religion. See Conyers v. Abitz, 416 F.3d 580, 585 (7th Cir. 2005); Hunafa, 907 F.2d at 47; Nelson, 2008 WL 904735 at *6-7; Agrawal, 2003 WL 164225 at *2.

On the facts alleged, it must be taken as true that plaintiff had a sincere belief in his religion and its requirement that he eat vegan meals. See McEachin v. McGuinnis, 357 F.3d 197, 201-02 (2d Cir. 2004) (difficult to conclude on motion to dismiss that a plaintiff's religious practice is insincere). Since IDOC has a procedure for providing religious vegan meals, on defendants' motion to dismiss, it clearly must be assumed that it is not unduly burdensome to provide such meals.

There is also no basis for assuming that it would have taken any significant time for Stateville's kitchen to provide vegan meals once such a diet is approved. It is alleged that defendant Peterson was aware of the prior approval and pending request for vegan meals, yet intentionally failed to act on it. It is also alleged that he was a person at Stateville responsible for processing such requests. There are no facts alleged that would be a basis for denying the request. On the facts alleged, it must be taken as true that Peterson acted improperly in failing to approve plaintiff's requests for religious meals and that, had he acted properly, plaintiff would have received vegan meals during most of his time at Stateville.

Defendants nevertheless contend that failing to receive vegan meals, even for the entire two weeks, was an insubstantial impingement on plaintiff's free exercise rights that cannot support a First Amendment claim. Here, Peterson is alleged to be responsible for preventing plaintiff from receiving vegan meals for up to 13 days.[5] On the facts alleged, it must be assumed that the necessary effort to approve the request required minimal effort. Therefore, there was insufficient justification for

_____

[5]If Peterson had acted when first contacted on July 5, 2007, vegan meals could have started as early as Friday, July 6 and continued through the last meal plaintiff had at Stateville on July 18. On plaintiff's motion to dismiss, the sufficiently alleged facts most favorable to plaintiff must be assumed to be true.

- 10 -

interfering with plaintiff's religious dietary practices at every meal for 13 consecutive days. The cases cited by defendants are readily distinguishable. Knox v. Wainscott, 2003 WL 21148973 *8 (N.D. Ill. May 14, 2003), involved going five hours without food and only addressed that issue in terms of whether that amount of time without a meal was cruel and unusual punishment under the Eighth Amendment, not whether it violated any rights to the free exercise of religion. In Nelson, a decision resolving factual issues was made following a bench trial. See Nelson, 2008 WL 904735 at *1. It was found that the lack of a special diet did not place any burden on plaintiff's exercise of religion because he was provided sufficient nutrition even if he avoided the religiously prohibited meat of four-legged animals that was included as part of his meals on Fridays and during Lent. Id. at *7. On the facts alleged in the present case, Warren had to either violate his religious strictures on food or, as he chose, rely on insufficient nutrition that caused him to lose substantial weight. In Subil v. Sheriff of Porter County, 2005 WL 1174218 *4 (N.D. Ind. April 29, 2005), which defendants do not cite, it was held that not having kosher meals available for lunch on occasional days that an inmate was at the courthouse for hearings was an insufficient burden on religious practices to support a First Amendment claim. In another case not cited by defendants, it was held that being served the evening Ramadan

meal shortly before sunset for three days before prison officials realized this violated religious practice and thereafter being served the meal after sunset was not a substantial burden on religion. Boyd v. Lehman, 2006 WL 1442201 *9-11 (W.D. Wash. May 19, 2006). In Rapier v. Harris, 172 F.3d 999, 1006 n.4 (7th Cir. 1999), having a non-pork meal unavailable due to a shortage for 3 out of 810 meals served to the plaintiff was held to be a de minimis burden that could not violate the Constitution. The above cases are distinguishable from the present case where plaintiff had to go substantially longer, 13 consecutive days, without any meals satisfying his religiously required diet. Cf. McEachin, 357 F.3d at 199, 203 (on motion to dismiss, it could not be concluded that interfering with Ramadan eating practices for one week was too insubstantial for free exercise protections); Keal v. State of Washington, 2007 WL 906085 *8, 21 (W.D. Wash. March 23, 2007) (being denied Ramadan meals for five days was a substantial burden on practicing religion). Plaintiff has sufficiently alleged a First Amendment claim against defendant Peterson.

Defendant Miller is different. Her only involvement occurred after plaintiff was transferred out of Stateville. No grievance was filed until plaintiff was no longer at Stateville. Regardless of whether Miller properly processed plaintiff's grievance, she is not responsible for him receiving or not

receiving vegan meals while at Stateville. See Joyner v. Snyder, 2007 WL 3253390 *3 (C.D. Ill. Nov. 2, 2007). All the claims against Miller will be dismissed.

As for defendant Walker, there is no allegation that he was aware of plaintiff's particular circumstances at the time plaintiff was being denied the vegan meals. However, as the Director of IDOC, he is allegedly responsible for the policy that does not automatically transfer an inmate's meal status from one institution to another. To the extent that policy violated plaintiff's rights and Walker was personally responsible for the policy, he could be liable in his individual capacity. See Anderson v. Cornejo, 284 F. Supp. 2d 1008, 1029 (N.D. Ill. 2003). In order to succeed on this aspect of his claim, plaintiff would have to show that having to submit a request following each transfer places an undue burden on his religious practices when compared to the administrative burden of having the meal approval automatically follow the inmate. On the motion to dismiss, it cannot be determined that having an automatic procedure would represent a significant burden. However, on the facts alleged, it was not the existing procedure that prevented the meals for two weeks, but Peterson's failure to act on the request. The facts alleged do not support that the procedure that is in place would itself delay receiving the requested meals more than a day or two. That is not a significant burden on plaintiff's exercise

- 13 -

of his religion. Cf. Rapier, 172 F.3d at 1006 n.4; Boyd, 2006 WL
1442201 at *9-11; Subil, 2005 WL 1174218 at *4. Plaintiff's
First Amendment claim will be dismissed to the extent it is based
on the allegedly deficient procedure. Since that is the only
possible basis for holding Walker liable, Walker will be
dismissed from this action.

Still to be considered are the official capacity claims.
Since IDOC is part of the state, the official capacity damages
claim must be dismissed because barred by the Eleventh Amendment.
Knox v. McGinnis, 998 F.2d 1405, 1412 (7th Cir. 1993); Johnson v.
Kim, 2008 WL 4181837 *2 (S.D. Ill. Sept. 8, 2008); Thomas v.
Walton, 461 F. Supp. 2d 786, 798-99 (S.D. Ill. 2006). The
Eleventh Amendment does not bar seeking injunctive relief against
defendants in their official capacities. Knox v. McGinnis,
998 F.2d at 1412-13. Defendants contend that plaintiff lacks
standing to seek injunctive relief since he is no longer
incarcerated at Stateville. Plaintiff, however, is not seeking
injunctive relief directed at Stateville. He complains about
transfer procedures for IDOC as a whole. The requested relief is
an injunction requiring IDOC to maintain a policy that
automatically has the inmate's approved religious diet follow the
inmate wherever he or she may be transferred. If plaintiff is
sufficiently likely to again be transferred between IDOC
facilities, he would have standing to seek injunctive relief.

Cf. id. at 1413; Young v. Lane, 922 F.2d 370, 373-74 (7th Cir. 1991); Heard v. Walker, 2008 WL 4066707 *5 (N.D. Ill. Aug. 28, 2008). But even if plaintiff has a sufficient likelihood of a transfer to have standing, his claim for injunctive relief would be dismissed. The injunctive relief claim is solely based on the existing policy being unconstitutional. As previously discussed regarding the claim against defendant Walker, plaintiff has not alleged a policy that violates the Constitution. Plaintiff's official capacity claims will be dismissed at this time. However, counsel is being appointed for plaintiff. To the extent counsel believes in good faith that plaintiff has proper standing to seek injunctive relief and that the existing policy both violates the Constitution and is likely to interfere with plaintiff's rights, plaintiff may include such a claim in an amended complaint.

All claims are being dismissed except the First Amendment free exercise claim against Peterson in his individual capacity. Counsel will be appointed to represent plaintiff. An opportunity will be provided for plaintiff to file, with the advice of counsel, an amended complaint. The amended complaint should be consistent with today's ruling.

IT IS THEREFORE ORDERED that plaintiff's motions to amend [15, 20] are granted. Defendants' motion to dismiss [21] is granted in part and denied in part. All claims of the complaint

as amended are dismissed except the individual capacity free exercise claim against defendant Peterson. Defendants Walker and Miller are dismissed from this action. Counsel will be appointed to represent plaintiff. Plaintiff is granted until November 14, 2008 to file a second amended complaint. By December 5, 2008, defendant(s) shall answer or otherwise plead to the second amended complaint. A status hearing will be held on December 10, 2008 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 25, 2008